**RING v. MARSH, New Jersey Secretary of State.**

Civ. No. 11338.

District Court, D. New Jersey.

July 30, 1948.

Carl E. Ring, pro se.

Walter D. Van Riper, Atty. Gen., of New Jersey, for defendant.

Before BIGGS, Circuit Judge, and FORMAN and MADDEN, District Judges.

BIGGS, Circuit Judge.

The plaintiff, Carl E. Ring, filed his complaint, setting up all necessary jurisdictional allegations as to his right to qualify as a candidate for representative in Congress from the Ninth Congressional District of New Jersey, and asserting that he had prepared and attempted to have filed on May 22, 1948 with the defendant, the Honorable Lloyd B. Marsh, Secretary of State of the State of New Jersey, a "direct nominating"[1] petition requesting that his name and his designation of party or principle as a candidate for representative be printed on the ballot to be used at the general election to be held in New Jersey on November 2, 1948. See Revised Statutes of New Jersey, §§ 19:13–3 to 9, N.J.S.A. The complaint alleges also that the defendant by his agents refused to accept the petition for filing on the ground that the time for filing such petitions had expired on March 11, 1948 under the law of New Jersey, specifically pursuant to R.S. § 19:- 13–9, as amended by Chapter 2 of the Laws of 1948, N.J.S.A. 19:13–9. See New Jersey Session Law Service 1948, No. 1, 172nd Legislature, at p. 64. The amendment fixed the final day for filing nominating petitions for the general election as forty days prior to the primary day.[2] The statute last cited must be read in conjunction with R.S. § 19:2–1,[3] as amended also by Chapter 2 of the Laws of 1948, N.J.S.A. 19:2–1, which provides that primary elections for delegates and alternates to the national conventions and for the general election shall be held on the third Tuesday in April in each year. If the statutes as amended be valid and constitutional it would follow that Ring's petition should have been proffered to the Secretary of State no later than forty days prior to April 20, 1948, or, on or before March 11, 1948.

The plaintiff inter alia has prayed for a preliminary and final injunction to restrain the Secretary of State of New Jersey and his agents from proceeding under the amended sections of the Revised Statutes of New Jersey hereinbefore set forth and for a mandatory injunction to compel the Secretary of State to accept the plaintiff's petition and to put the plaintiff's name on the ballot to be employed at the forthcoming general election. The plaintiff moved for the convening of a three-judge court pursuant to Section 266 of the Judicial Code as amended, 28 U.S.C.A. § 380. Deeming the questions presented to be of sufficient consequence to require adjudication, Judge Forman called Judge Madden and the present writer to his assistance. At the hearing of the motion for a preliminary injunction the parties elected to go to final hearing on the merits, the defendant in effect joining issue on the well pleaded allegations of the complaint. Testimony was taken on all material issues. The plaintiff, properly we think, has elected to stand on no issues save those relating to the validity of the election laws set out in the foregoing paragraph. These, indeed, frame the

---

[1] R.S. Section 19:13–1, N.J.S.A., provides that candidates shall be nominated at the primary for the general election or "directly by petition." Ring's petition falls within the second category. See also note 9 infra.

The reference "R. S." throughout this opinion in every instance is to the Revised Statutes of New Jersey.

[2] R.S. § 19:13–9, as amended, N.J.S.A. provides:

"All such petitions and acceptances thereof shall be filed with the officer or officers to whom they are addressed at least forty days previous to the day of the holding of the primary election and for the general election in this Title provided. * * *"

[3] R.S. § 19:2–1, as amended, N.J.S.A. provides:

"Primary elections for delegates and alternates to national conventions of political parties and for the general election shall be held in each year on the third Tuesday in April, between the hours of seven ante meridian and eight post meridian, eastern standard time. * * *"

only substantial question presented for our determination.

Ring's contentions respecting the New Jersey election law, as amended by the 172nd Legislature, may be summed up, fairly we think, as follows. Prior to the amendments the applicable sections of the Revised Statutes of New Jersey provided that the primary election for delegates and alternates to national conventions and for the general election should be held in each year on the first Tuesday in June,[4] and that the petitions of those who desired to be candidates for office should be filed " * * * at least five days previous to the day of the holding of the primary election for the general election * * *."[5] In short, if the election law of New Jersey had not been changed by the amendments,[6] the plaintiff would have been entitled to file his petition on or before May 26, 1948 and his proffer of his petition to the Secretary of State would have been within the permissible period by at least four days. He contends that the shortened period denies him equal protection of the laws, that the amended statutes impair his right to be, and to be voted on as, a candidate for Congress and that the amended statutes are unreasonable, arbitrary, oppressive, unnecessary and discriminating and constitute violations of Section 1 of Article 1 and of, sic, Section 4 of Article 4 of the Constitution of the United States, and of the provisions of the Fourteenth Amendment.

The following appears from the evidence offered on behalf of the plaintiff and of the defendant and no serious dispute as to any question of fact has arisen. For the last "sixteen or twenty" years the plaintiff, Ring, has given some thought to running for Congress in the Ninth Congressional District of New Jersey where he lives and has his present business.[7] He decided that he would run for Congress "a day or two before the primary", that is to say on or about April 18 or 19, 1948. Ring learned of the pertinent amendments to the election laws of New Jersey, according to his best recollection, on or about May 5 or 6, 1948. He was aware of the new primary election date of April 20 for he voted at the primary at a polling place in Rutherford in the Ninth District. The petition which he attempted to file with the Secretary of State was verified May 21, 1948 and it took him about one week to procure one hundred fifty signatures thereto.[8] The foregoing statements are based on the plaintiff's own testimony.

Kerr, Chief Clerk to the Secretary of State and the person directly charged with the immediate responsibility of handling election matters in the Secretary's office, testified that he himself had suggested the pertinent amendments to the election laws enacted by the 172nd Legislature; that the reason for the amendments was to eliminate " * * * so many different filing dates under our election law. * * * [for] one date would save confusion in getting out the certifications * * *,"[9] and to give an earlier date for the primary to elect delegates to the national conven-

---

[4] R.S. § 19:2–1, N.J.S.A., prior to amendment, read as follows:

"Primary elections for delegates and alternates to national conventions of political parties and for the general election shall be held in each year on the first Tuesday in June, between the hours of seven ante meridian and eight post meridian, eastern standard time. * * *"

[5] R.S. § 19:13–9, N.J.S.A., prior to amendment, read as follows:

"All such petitions and acceptances thereof shall be filed with the officer or officers to whom they are addressed at least five days previous to the day of the holding of the primary election for the general election * * *."

[6] Approved and effective February 18, 1948.

[7] The plaintiff is a member of the Bar of New York but ceased to practice law at or about the time the United States entered World War II when he began to conduct a manufacturing business.

[8] The applicable statute, R.S. § 19:13–5, N.J.S.A., requires only one hundred signatures but the plaintiff to be on the safe side, lest some of the signatures should be contested as to authenticity, procured one hundred fifty.

[9] The cogency of Mr. Kerr's statement in this connection appears on observing that R.S. § 19:23–14.1, N.J.S.A., of the Election Laws of New Jersey as it existed in 1947, was repealed by the 172nd Legislature. R.S. § 19:23–14.1, N.J.S.A., required *nominating petitions for*

tions.[10] It appears also from the evidence that twenty-five independent candidates for representative in Congress filed with the Secretary of State petitions within the time set by the statutes as amended and that five independent candidates for United States senator also filed by the prescribed time. It should be pointed out that one of the independent candidates for representative in Congress resides in the plaintiff's home district; viz. the Ninth. It further appears that only one petition other than that of the plaintiff, was attempted to be filed after March 11, 1948.

Under the law of New Jersey the Secretary of State is not required to certify the candidates to the respective election districts or counties until fifty-one days prior to the general election, to be held this year on November 2, 1948; in other words, the Secretary of State is not required to perform any official function respecting the certifying of names of candidates until September 13, 1948.[11] See R.S. § 19:13–22, as amended, N.J.S.A. It appears also that since 1930 until the enactment of the 1948 amendments it had been the law of New Jersey that petitions for independent candidates who desire to have their names voted on at a general election must be filed " * * * at least five days previous to the day of the holding of the primary election for the general election." See P.L. 1930, Ch. 187, Par. 118, p. 723, as amended by P.L.1935, Ch. 253, Sec. 1, p. 777.

To sum up the pertinent facts set out in the preceding paragraphs of this opinion and on which the plaintiff in fact must rely, we state that following the 1948 amendments to the election law the plaintiff had only twenty-two days in which to file his petition with the Secretary of State, whereas if the law had remained unchanged and Ring had made up his mind to run for Congress on February 18 instead of April 18 or 19 (as he actually did) he would have had a total period of three months and eight days in which to file it. The time for filing under the law as it existed prior to the amendments would have expired on May 26, 1948 instead of on March 11, 1948.

▉ The question which we must resolve is whether Ring was denied any right guaranteed to him by the Constitution of

---

party candidates to be filed on or before the seventy-fifth day prior to the first Tuesday in June while direct nominating petitions, pursuant to the provisions of R.S. § 19:13–9, N.J.S.A., did not have to be filed until five days previous to the day of the holding of the primary election. It follows therefore, that under the law as it existed prior to the 1948 amendments a candidate could attempt to procure the nomination of his party and if he failed could still get his name on the ballot by filing an independent nominating petition. This situation was changed by the 1948 amendments which put the party candidate and the independent candidate on an equal footing in respect to filing dates. See R.S. § 19:23–14, N.J.S.A., setting the time for the filing of the petitions of party candidates, and R.S. § 19:13–9, N.J.S.A., setting the time for the filing of independent nominating petitions. The time prescribed by both sections under the law as amended is forty days prior to the holding of the primary election.

10 When asked by the court what was the purpose of having the primary on April 20, Mr. Kerr replied, "To elect delegates to the national conventions." We think it probable that another reason for the change in the required filing time was to meet the first of the national conventions which was called to order on June 21, 1948.

11 The fifty-first day falls on Sunday, September 12, 1948. R.S. § 19:11–1, N. J.S.A., provides that if the day for performing an official duty falls on a Sunday, the performance of the duty shall be effected on the next following business day. In calculating the period of fifty-one days we assume that the day November 2, 1948 should not be counted. The fifty-first day therefore falls on Sunday, September 12, hence the Secretary's duty must be performed on or before Monday, September 13.

We note that the Chronological Index for filing petitions appended to the pamphlet copy of Title 19, Elections, compiled and printed under the direction of the Secretary of State, sets September 12, 1948 as the date on which the Secretary of State is to certify the names to the county clerks pursuant to R.S. § 19:13–22, N.J.S.A. We conclude that the critical date, however, is the day stated in the body of this opinion because the statute provides that the Secretary of State shall certify the names "not later than fifty-one days before any election * * * ."

918

the United States by the amendments which we have referred to in this opinion. We think that the answer must be in the negative. It is well established that " * * * the times * * * the manner of holding elections for Federal senators and representatives shall be prescribed in each State by its legislature, * * *." See Blackman v. Stone, 7 Cir., 101 F.2d 500, 503. Cf. Winston v. Moore, 244 Pa. 447, 91 A. 520, L.R.A.1915A, 1190, Ann.Cas.1915C, 498. The right of the State of New Jersey to fix the time and the manner for holding elections for representatives in Congress has not been altered or limited in any respect here pertinent by Congress. This does not mean that the legislature of New Jersey or of any State may act arbitrarily, unreasonably or capriciously in respect to such matters.

We cannot say that the changes effected in the election laws by the New Jersey Legislature in 1948 are unreasonable, capricious or arbitrary insofar as they are applicable to or affect the plaintiff or any other candidate for public office. That the amended provisions are not unreasonable in their application to the plaintiff is demonstrated by the fact that within one week he secured the necessary signatures on his nominating petition and that thirty other candidates for offices in Congress filed their direct nominating petitions with the Secretary of State of New Jersey within the time prescribed by the amended law. It was reasonable, despite the plaintiff's contentions to the contrary, for the Legislature to allow the Secretary of State of New Jersey until September 13 to certify the names of candidates. The Secretary actually may not require such an extended period of time, from March 11 to September 13 or about six months, to prepare and make the certifications but we may not say that the allowance of the stated period to this official to perform complicated administrative functions is either arbitrary or capricious or is not within the discretion of the Legislature. Moreover, the date for filing independent nominating petitions had been geared to the primary election date for about eighteen years and has remained so geared under the 1948 amendments. The substantial reason for changing the date for filing independent nominating petitions, effected by the 1948 amendments, was, as was stated by the Chief Clerk to the Secretary of State, so that independent candidates should have the same filing date as party candidates. This was a reasonable purpose and end.

The plaintiff was well aware of the date of the primary election for, as we have said, he participated in it as a voter. The plaintiff is an intelligent man, a member of the bar of New York, who for some years was a practicing attorney. He knew, or at least he should have known, that the system provided by the law of New Jersey for direct nominating petitions for years, as has been stated, had been geared to the primary election date. He was also chargeable with knowledge of the 1948 amendments enacted by the Legislature of New Jersey and the effective date thereof. The statutes which he has attacked are constitutional and their application is reasonable and puts upon the plaintiff no greater burden than that put upon any other candidate for office.

The other points raised by the parties do not require discussion.

The complaint will be dismissed for want of equity. Findings of fact and conclusions of law are filed with this opinion in accordance with the provisions of Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c.

A decree may be submitted.