Per Curiam.

The order entered October 16, 1968, insofar as it denied intervention, should be reversed, without costs, and *97 intervention directed. The present case is materially different from Matter of Altimari v. Meisser (23 A D 2d 672, app. dsmd. 15 N Y 2d 964). Here under the unusual circumstances presented, including the fact that the petitioners-respondents do not, and did not, object to the intervention of the appellants, there is an absence of any prejudice to the respondent Secretary of State. Consequently, intervention should have been granted as a matter of law. (Cf. CPLR 1012, 1013.)
On the appeal proper, the order of the Appellate Division, entered October 7, 1968, should be reversed, without costs, and the determination of the Secretary of State reinstated on the ground that, within the sense of New York’s Election Law generally, a person named or designated by a party or an independent group as a candidate for the Presidency of the United States is privileged to decline such office and to prevent his name from appearing on the ballot. In the present case Senator McCarthy unequivocally and formally notified the Secretary of State that, far from giving consent, he was “ declin [ing] any and all nominations which I may receive for the office of candidate for President and/or Vice President of the United States in any petition filed with the Secretary of State of the State of New York.” And it is to be noted, the Secretary of State, based on that advice, initially refused to direct that Senator McCarthy’s name be placed on the ballot.
This case involves the situation in which the proposed electors are committed to a particular presidential candidate. Having chosen a candidate who is unwilling to have his name thus used the proposed electors in this case are disqualified under our law from being on the ballot. We do not pass on the question which may arise in cases where electors are not committed.
Chief Judge Fuld and Judges Scileppi, Bergan, Keating, Bbeitel, Jasen and Steubr* concur.
Order, entered October 16, 1968, insofar as it denied intervention, reversed, without costs, and intervention directed.
Order of reversal, entered October 7, 1968, reversed, without costs, and the determination of the ¡Secretary of State reinstated.

 Designated pursuant to section 2 of article VI of the State Constitution in place of Burke, J., disqualified.