Mary B. **SULLIVAN**, Plaintiff,

v.

**Ella T. GRASSO**, Individually and as Secretary of the State of Connecticut, Defendant.

No. 12808.

United States District Court
D. Connecticut.

Oct. 28, 1968.

Catherine G. Roraback, New Haven, Conn., for plaintiff.

Robert K. Killian, Atty. Gen., Hartford, Conn., for defendant.

Before SMITH, Circuit Judge, and TIMBERS and ZAMPANO, District Judges.

**412**

## OPINION AND JUDGMENT

SMITH, Circuit Judge.

Plaintiff, a citizen of the United States and of the State of Connecticut, and an elector of the Town of Greenwich, sues for injunctive relief against the Secretary of the State of Connecticut, seeking that the election machinery for the general election on November 5, 1968 be so modified as to provide on the voting machines either more adequate space to write in the names of eight persons as presidential electors, or in the alternative, a ruling that a write-in vote for "Electors for McCarthy" be permitted and counted as a vote for eight persons designated in a letter to the Secretary as a slate pledged to vote in the electoral college for Eugene J. McCarthy for President and John V. Lindsay for Vice President.

■ There is no provision of law under which the second alternative is authorized. Section 9–175 of the Connecticut General Statutes permits such a shorthand designation when electors have been duly nominated, as have three slates here, Humphrey-Muskie, Nixon-Agnew and Wallace-Griffin. The alleged McCarthy-Lindsay slate has not, however, been duly nominated either by a major or minor party under the statutes, or by petition under the statutes, nor has any acceptance by either candidate been obtained or filed. Cf. Sec. 9–454 Conn.Gen.Stat.; cf. also In the Matter of Ginsberg et al. v. Lomenzo, etc., 23 N.Y.2d 94, 295 N.Y.S.2d 475, 242 N.E.2d 734 (N.Y.Ct. of Appeals No. 512–1968).

■ Plaintiff argues that the law should provide for write-in voters a similar opportunity to utilize a short form of description of a slate of presidential electors, specifically "Electors for Mc-

Carthy". Such a proposal does have its attractions. It would surely be easier for the voter than to write in eight names. It also has potential dangers, however. Unauthorized slates might proliferate, diluting the effectiveness of a vote for any one slate, and causing voter confusion and wastage of votes, for the election is an election of presidential electors and only eight specific electors receiving a plurality of votes cast will be named to the electoral college. Two slates for one presidential candidate therefore reduce the chance that either will succeed. This possible situation with its opportunity for political chicanery may well explain the reluctance of the legislature to encourage the proliferation of slates of electors without the approval of the purported presidential candidates. We cannot say that there is any lack of due process or equal protection of the laws in the limitation of short form designations to slates of electors duly nominated either by convention or petition.[1]

■■ Provision for sufficient space for write-in votes for presidential electors where nomination procedures are unduly restricted is not only desirable, but will, if necessary, be required, see Williams v. Rhodes et al., 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24, October 15, 1968, on timely application to the courts in advance of election. The Connecticut procedures for nomination by convention or petition are not subject to the restriction which caused the striking down of the Ohio provisions in the *Williams* case, and indeed the Connecticut statutes not only provide adequate means for nomination by petition of electors numbering ½ of 1% of the number of electors voting for the office in the last election, but also require a write-in opportunity. Sec. 9–242 Conn. Gen.Stat. The adequacy of compliance

---

1. Plaintiff points out that the official canvass of votes in the past has at times listed write-in votes in the presidental elector space as votes for the presidential candidate named by the voter. No court has, however, approved the practice, and the opinion of the Attorney General in the case at bar disapproves it.

therewith is here under attack, but the attack here which comes at the eleventh hour, after failure to take advantage of the petition procedures, must fail since inadequacy of write-in opportunity has not been established. Write-ins are accomplished upon a paper roll, through a porthole on the face of the machine above the machine voting tabs. On lifting a cover over the hole, the voter exposes an area of the paper approximately 2⅜ x 1⅝ inches on one of two types in use, a slightly larger area on the other type of machine used. The evidence shows that the space provided is sufficient for an ordinary writer to inscribe eight names without undue difficulty and that alteration of the 2,000 machines in use in Connecticut to increase the space available would be time consuming and expensive.[2]

It may well be that a provision that stickers with the names of the eight could be printed and affixed to the roll by the voters would be a desirable alternative to the manual write-in now provided. Such a method is used in some states and was at one time used in Connecticut on voting machines similar to those now in use. The evidence before us establishes, however, that the sticker method has drawbacks in operation, the stickers sometimes failing to adhere and sometimes interfering with the proper operation of the write-in roll in the machine. The present statute does not permit sticker use, and we cannot say that this legislative judgment that manual write-in is preferable is arbitrary or irrational, or lacking in due process or equal protection of the laws.[3]

The foregoing may serve as findings of fact and conclusions of law herein.

The application for temporary and permanent injunction is in all respects denied and the complaint is dismissed.

2. As the plaintiff has pointed out in brief, inconsequential errors in designation will not invalidate a vote where the identity of the candidate intended to be designated is fairly ascertainable. Compare Hurlbut v. Lemelin, 155 Conn.

See Williams v. Rhodes et al. and Socialist Labor Party et al. v. Rhodes et al., 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24, October 15, 1968, slip op. pp. 11, 12.

So ordered.

68, 230 A.2d 36 (1967) and cases cited therein.

3. Cf. Voorhes v. Dempsey, 231 F.Supp. 975 (D.Conn.), affirmed 379 U.S. 648, 85 S.Ct. 612, 13 L.Ed.2d 552 (1965).