Morris BERMAN, LL.B., Plaintiff-
Appellant,

v.

BOARD OF ELECTIONS, CITY OF NEW
YORK, Louis J. Lefkowitz, Attorney
General, and Nelson A. Rockefeller,
Governor, Defendants-Appellees.

No. 114, Docket 33653.

United States Court of Appeals
Second Circuit.

Argued Nov. 21, 1969.

Decided Dec. 15, 1969.

Morris Berman, LL.B., pro se.

Robert T. Hartmann, New York, N. Y.
(J. Lee Rankin, Corp. Counsel, Stanley
Buchsbaum, Brooklyn, and James Nes-
pole, New York, N. Y., on the brief), for
Board of Elections of the City of New
York.

Joel H. Sachs, Asst. Atty. Gen., State
of New York (Louis J. Lefkowitz, Atty.
Gen., Samuel A. Hirshowitz, First Asst.
Atty. Gen., and James J. Fishman, Depu-
ty Asst. Atty. Gen., State of New York,
on the brief), for Louis J. Lefkowitz
and Nelson A. Rockefeller.

Leo Pfeffer and Joseph B. Robinson,
New York, N. Y., on the amicus curiae
brief of American Jewish Congress.

Before LUMBARD, Chief Judge, AN-
DERSON, Circuit Judge, and BRYAN,*
District Judge.

PER CURIAM.

In the general election of 1968 the
New York City Board of Elections, in
accordance with the duties and powers
granted to it under §§ 64 and 66(1) of
the New York Election Law, McKin-
ney's Consol.Laws, c. 17, designated St.
George's Ukranian Catholic Church build-
ing as the polling place in the plaintiff-
appellant Berman's voting district. As
a member of the Orthodox Jewish faith,
it was not possible for him to enter a
non-Jewish house of worship (except for
certain reasons not pertinent to this
case) without violating the tenets of his
religion. Because of this he did not vote
in that election. On December 9, 1968 he
filed a complaint in the present action in

* Of the Southern District of New York, sitting by designation.

which he has claimed that the relevant portions of the New York Election Law contravene the Establishment and Free Exercise of Religion clauses of the First Amendment, made applicable to the states by the Fourteenth Amendment. Basing jurisdiction on 28 U.S.C. §§ 1331, 1343 and 2281 he sought the convention of a three-judge court, a temporary injunction and a declaration of the unconstitutionality of the complained of sections of the election law. There is no jurisdiction under § 1331 because no jurisdictional amount is alleged and jurisdiction rests upon the Civil Rights Statute, § 1343. The District Court denied him the relief which he asked for and dismissed his complaint. Its action was based upon the absence of a substantial federal constitutional question and upon equitable estoppel arising out of that portion of a previous state action by Berman against the New York City Board of Elections concerning which the Court of Appeals of the State of New York said,

> "Upon the appeal herein there was presented and necessarily passed upon a question under the Constitution of the United States, viz.: Appellant contended that section 66 of the Election Law, Consol.Laws, c. 17, insofar as it authorized the designation of a church as a voting place is in violation of the First and Fourteenth Amendments to the Constitution of the United States. The Court of Appeals held that appellant's constitutional rights were not violated."

19 N.Y.2d 744, 279 N.Y.S.2d 348, 226 N.E.2d 177 (1967). This was followed by Berman's appeal to the Supreme Court, which dismissed the appeal "for want of jurisdiction" and treated the papers as an application for certiorari which it denied. 386 U.S. 481, 87 S.Ct.

1175, 18 L.Ed.2d 225, rehearing denied 387 U.S. 926, 87 S.Ct. 2028, 18 L.Ed.2d 986 (1967).

■ On October 1, 1969 the Board of Elections amended the election regulations to provide, in substance, that any person whose religious convictions prevent him from entering a church-related building for voting purposes may register and vote either by absentee ballot or in an adjoining election district.[1] We conclude that the enactment of this regulation has rendered the appeal moot. Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (November 24, 1969). It is impossible for the appellant now to vote in the 1968 election and the regulations as amended no longer compel him to make the choice of which he complains. The American Jewish Congress, which was granted leave in this case to file an *amicus* brief, did not argue the case, stating that because of the amendment its purpose had been accomplished.

Berman further argues, however, the purpose which he has in mind was not taken care of. He asserts that the new regulation unconstitutionally requires him openly to proclaim his religious beliefs, cf. School District of Abington Township v. Schempp, 374 U.S. 203, 288–294, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963); Illinois ex rel. McCullom v. Board of Education, 333 U.S. 203, 227, 68 S.Ct. 461, 92 L.Ed. 649 (1948); and that use of one of the alternative means of voting would place an impermissible burden upon his First Amendment right to a free exercise of his religion. See Braunfield v. Brown, 366 U.S. 599, 81 S.Ct. 1144, 6 L.Ed.2d 563 (1961); Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963).

■ It is entirely clear, however, from the wording of the new regulation that

---

1. The entire text of the Board's resolution is as follows:

"That if a person of the Orthodox Jewish faith, or anyone for that matter, is averse to enter [sic] a religious edifice for the purpose of registering or voting, he be given the right to,

1: do so by absentee ballot, or,

2: to register and vote in an adjoining district where the candidates in that election are the same as in the election district of his residence, providing however that at least one week prior to registration and election, notice be given to the Borough Office of the Board."

Berman is not required affirmatively to attest to the nature of his religious beliefs. With regard to the second claim, even if we make the assumption that the issue of the constitutionality of the state statute is properly before us, and we further assume that the alternative means of voting places a burden on the free exercise by Berman of his religion, we would nevertheless have to conclude that any incidental burden is so slight that it does not begin to outweigh the interest of the state in having available to it the additional polling places which the use of the churches affords. Braunfield v. Brown, *supra.*

The appeal is dismissed as moot.