**NEW YORK STATE DEMOCRATIC PARTY, by John BURNS, Chairman of the State Committee of the New York Democratic Party, et al., Appellants,**

v.

**John P. LOMENZO, as Secretary of State of the State of New York, Appellee,**

**and**

**New York City Board of Elections et al., Defendants.**

No. 790, Docket 72-1357.

United States Court of Appeals, Second Circuit.

Argued April 19, 1972.

Decided May 1, 1972.

Jack David, New York City (Philip G. Schrag, Monroe Goldwater, Robert J. Kheel, Paul A. Biddelman, Rene V. Murai, Michael C. Lambert, New York City, on the brief), for appellants.

Irving Galt, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., David R. Spiegel, Asst. Atty. Gen., on the brief), for appellee.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

Appellants commenced this action against appellee, Secretary of State of the State of New York, seeking an injunction requiring appellee to permit each candidate in the New York Democratic primary election for delegate or alternate delegate to the Democratic National Convention to list next to his name the name of the candidate for president he prefers. Appellants alleged that the refusal to permit a designation of preference on the ballot in the primary election causes such confusion among the electorate that the practice undermines and abridges appellants' right to vote and to associate in violation of the first and fourteenth amendments, and denies Negro and non-affluent voters the equal protection of the law in violation of the fourteenth amendment.

Appellee contends that under N.Y. Election Law § 21 (McKinney's Consol. Laws, c. 17, 1964) he is not permitted to include on the ballot the preference designation which appellants seek.

■ The district court, treating the action as one to enjoin the enforcement of a state statute, denied appellants' motion for summary judgment and dismissed the complaint on the ground that appellants had not raised a substantial constitutional question so as to require the convening of a three-judge court pursuant to 28 U.S.C. § 2281 (1970). The district court alternatively ruled that, as the New York state courts have not yet interpreted § 21, a federal court should abstain from deciding the merits, especially in view of the fact that at least 11 bills are presently pending before the New York State legislature to amend § 21 to permit the preference designation which appellants desire. While we do not decide whether § 21 forbids appellee from including preference designations on the primary ballot, we affirm on the ground that the complaint fails to raise a substantial constitutional question.

■ States have broad authority, absent valid congressional legislation, to establish rules regulating the manner of conducting both primary and final elections. Jenness v. Fortson, 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971). See also Gilhool v. Chairman and Commissioners, Phil. Cty. Bd. of Elections, 306 F.Supp. 1202 (E.D.Pa.1969) (three-judge court), aff'd, 397 U.S. 147, 90 S. Ct. 996, 25 L.Ed.2d 182 (1970); Voorhes v. Dempsey, 231 F.Supp. 975 (D.Conn.1964) (three-judge court), aff'd, 379 U.S. 648, 85 S.Ct. 612, 13 L.Ed. 2d 552 (1965); Ring v. Marsh, 78 F.Supp. 914 (D.N.J.) (three-judge court), appeal dismissed for want of a substantial federal question, 335 U.S. 849, 69 S.Ct. 84, 93 L.Ed. 398 (1948); Berman v. Board of Elections, 420 F.2d 684 (2d Cir. 1969), cert. denied, 397 U. S. 1065, 90 S.Ct. 1502, 25 L.Ed.2d 687 (1970); Sullivan v. Grasso, 292 F.Supp. 411 (D.Conn.1968) (three-judge court).

■ The New York Election Law does not inhibit entry into the political arena, deny the right to vote, or debase the weight of some votes. All that is charged is that New York fails to authorize a particular kind of information, which appellants consider desirable, to appear on the ballot. Each state may, however, decide what name, designation, and other information appears on the ballot, Ray v. Blair, 343 U.S. 214, 229, 72 S.Ct. 654, 96 L.Ed. 894 (1952), provided no unconstitutional objective is facilitated thereby, Anderson v. Martin, 375 U.S. 399, 84 S.Ct. 454, 11 L.Ed.2d 430 (1964).

There are many types of information which could serve to reduce voter confusion if they were included in the ballot. The determination of what should be included is a state function. Given the wide latitude which the state has in deciding the manner of conducting elections, and, therefore, both the form and the content of the ballot, appellee's pro-

hibition against this type of information or designation appearing on the ballot does not raise a substantial constitutional question.