Bernard R. FALLON et al., Plaintiffs,

v.

The STATE BOARD OF ELECTIONS OF the STATE OF NEW YORK, Defendant.

No. 76 Civ. 424.

United States District Court, S. D. New York.

Feb. 18, 1976.

Paul H. Rivet, Spring Valley, N. Y., for plaintiffs.

David E. Blabey, Edward R. Patrick, New York City, for defendant.

## OPINION

FRANKEL, District Judge.

Some candidates for the position of delegate to the Democratic National Convention to be held in July of this year, describing themselves as pledged to Presidential Primary Candidate James E. Carter, Jr., sue to require that delegate candidates be identified on the primary ballot by the name of the presidential candidate for whom they propose, at least initially, to vote. Nobody has a good word to say for the ballot practices plaintiffs attack. All seem agreed that the use of normally unknown delegates' names, without identifying them with the known presidential candidates whom they prefer or to whom they are pledged, is not a satisfactory means of giving the most vital information to the average voter in a primary election. Nevertheless, this seems to be one of the many cases in which arguably unsatisfactory state laws are best remedied by state legislatures, or perhaps state courts, rather than a federal court. At least as construed in a recent decision binding here, neither the Constitution nor statutes of the United States provide for the kind of relief plaintiffs seek.

Four years ago, other plaintiffs sought an order permitting candidates for delegate to the then impending Democratic National Convention to have placed alongside their names a designation of the presidential candidate they preferred. The Second Circuit held that the question did not present a substantial constitutional question upon which federal jurisdiction might be predicated. *New York State Democratic Party v. Lomenzo,* 460 F.2d 250 (2d Cir. 1972). As in the cited case, defendant State Board of Elections[1] again asserts that state law does not permit—and, therefore, this being an area of ministerial action, effectively forbids—the kind of designation plaintiffs demand. Undaunted by the *Lomenzo* decision, plaintiffs urge that changes in the law require a different conclusion now. In this posture, with the facts simple and undisputed, it seems sufficient to consider the specific grounds upon which plaintiffs would distinguish the precedent defendants invoke.

### I.

In their main line of argument, defendants cite *Cousins v. Wigoda,* 419 U.S. 477, 95 S.Ct. 541, 42 L.Ed.2d 595 (1975), for the undisputed proposition that a national political party vindicates vital rights of free political association when it regulates the selection and seat-

---

1. The State Board having acquired in the interim the relevant functions formerly managed by the Secretary of State.

ing of delegates to its convention. Proceeding from that sound premise, plaintiffs cite Rule 10 of the Delegate Selection Rules of the 1976 Democratic National Convention, which says:

"All candidates for delegate in caucuses, conventions, committees and on primary ballots shall be identified as to presidential preference, uncommitted, or no preference status."

The quoted language, plaintiffs say, as it is fortified by *Cousins,* destroys the state practice here in question.

Unfortunately for plaintiffs, however, Rule 10 goes on to say:

"In primary states where state law does not permit candidates for delegate to indicate their presidential preference on the ballot * * * the State Party shall undertake to publicize to all eligible voters the candidates for delegates approved by each presidential candidate."

And the defendant State Board urges now, precisely as was argued four years ago, see 460 F.2d at 251, that the State Election Law governing it does not permit the practice plaintiffs demand.[2] This is erroneous, plaintiffs say, but their view in this respect does not help them in federal court.

The only arguable way this case could present *any* federal question is on the interpretation of the Election Law followed by the State Board. But that interpretation, as has been mentioned and as is more fully explained below, raises no *substantial* federal question.

Read most liberally in plaintiffs' favor, *Cousins, supra,* held no more than that the policy of a national political party in setting qualifications for delegates to its convention may, in some circumstances, prevail over contrary state law.[3] As indicated above, however, the policy of the Democratic Party is to defer to state law which "does not permit candidates for delegate to indicate their presidential preference on the ballot * * *." Indeed, specific alternate procedures for informing the electorate of such preferences are prescribed when state law forbids showing these preferences on the ballot.[4] The accommodation thus accepted defeats plaintiffs' attempt to distinguish *Lomenzo, supra,* on the supposed conflict between the policy of the Democratic Party and state law.

## II.

The foregoing discussion treats of plaintiffs' complaint as an attack upon the constitutionality of the State Elec-

---

**2.** The details of the argument for this proposition are not vitally important here. Suffice it to say that the argument is far from frivolous on its face. Briefly, defendant says that it must make up the primary ballots according to the information certified to it by the Secretary of State pursuant to Section 69 of the New York Election Law. Information as to a certified delegate's presidential preference is not provided. Moreover, Section 108 of the same law sets forth, in minute detail, the information that the ballot is to contain. There, too, no mention is made of delegates' presidential preferences or lack thereof. The Board argues that these detailed requirements of the state statute leave it without discretion to vary the ballot in the way requested.

**3.** A fairer reading of *Cousins* probably does not go even this far. There, a state court enjoined the plaintiff-delegates who were not elected in the state primary from being seated at the 1972 National Democratic Convention after the Credentials Committee had refused to

seat those delegates who were elected in the primary on the ground that certain slate-making procedures required by the Party's charter were not complied with. The plaintiffs appealed to the Supreme Court and took their seats in violation of the injunction. While contempt proceedings were pending, the Supreme Court reversed the state injunction, holding that it violated plaintiffs' right of freedom of political association. As Justice Rehnquist pointed out in his concurring opinion, the operation of the state injunction "was as direct and severe an infringement of the right of association as can be conceived." 419 U.S. at 491–92, 95 S.Ct. at 550. Whether the *Cousins* decision can thus be read to hold that any national party rule overrules a contrary state election requirement is at best questionable.

**4.** It is unnecessary for the court to speculate why national political officers might choose to defer to state arrangements that are not maximally effective for informing the voters.

tion Law, which would be, of course, a fit subject for the federal court. Strictly speaking, however, plaintiffs seem to have come here with no federal question of any kind. Their primary thesis actually is that defendant Board has misconstrued the state statutes, and that showing candidate preferences is actually permitted. With that as their complaint, plaintiffs had not, by the time of oral argument, requested a three-judge court. There was understandable doubt in their minds as to whether their suit was to enjoin enforcement of a state statute since they urge that the state enactments in question do not have the undesired meaning for which defendant contends. Suggesting that this analysis might not be sufficient to authorize a decision now *in plaintiffs' favor* by one judge, the court invited a motion for the convening of a three-judge court. The motion was duly made. It is denied now, however, because there is discovered to be no substantial constitutional question. If an interpretation of the Election Law like that plaintiffs urge might help them, that is not fit business for one federal judge any more than it is for three.

 As the case stands, we have a state statute and a long-standing interpretation of the statute by the state agency charged with its administration. That interpretation has substantial authority for our purposes. See, e. g., *Socialist Workers Party v. Davoren,* 378 F.Supp. 1245, 1248 (D.Mass.1974) (3-judge court). Cf. *Astro Cinema Corp. v. Mackell,* 422 F.2d 293, 297 (2d Cir. 1970). Accepting that construction, as has been recalled, creates no substantial federal

question. Whether the state agency's interpretation is wrong is not a question of federal law at all so long as the interpretation does not render the statute unconstitutional. Proper interpretation is a state question, suitable for determination in a state court. Why plaintiffs are not in state court is a question asked at argument and never compellingly answered. In any event, it is not for this court to take jurisdiction over a question purely and singularly for state adjudication. If it came to that, this court would abstain. See, e. g., *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959); *City of Meridian Southern Bell T. & T. Co.,* 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959); *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).[5] But the logically prior ground is one of lack of jurisdiction over the case as plaintiffs in essence plead and argue it.

### III.

Beyond the materials thus far discussed, plaintiffs invoke an array of Internal Revenue Code provisions and some passages from recent, and essentially inapposite, decisions of the Supreme Court. With all respect, these arguments are not uniformly intelligible. They are not, in any event, persuasive for the view that this court is free now to disregard *New York State Democratic Party v. Lomenzo, supra.*

For the reasons set forth above, the complaint is dismissed for lack of subject matter jurisdiction.

It is so ordered.

---

5. It is apparently still the law that one judge may not abstain on behalf of a three-judge panel. See *Idlewild Bon Voyage Liquor Corp.*

*v. Epstein,* 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); *Apel v. Murphy,* 526 F.2d 71 (1st Cir. 1975).