Jasen, J.
(dissenting). From a practical standpoint, I find the majority’s holding desirable, for I, too, recognize that considerations of sound public policy mandate that a short Statute of Limitations be applied when a party seeks to challenge assessments and the like. The orderly administration of government requires nothing less. However, in reaching this result, the majority engages in legalistic sleight of hand; certainly, the law can call a horse a cow, but no matter how adroit the attempt at definitional equality, the two remain distinct animals. Here, by analogizing the adoption of the assessment roll by the Monroe County Legislature to an *705 administrative act, this court disregards legal precedent and common understanding in favor of a certain result. No matter how laudable the goal, this I would not do. The Legislature possesses the power to impose a four-month period of limitations when challenging legislative acts, and it is unwise for this court to cure this legislative oversight by judicial legerdemain.
Well settled is the rule of law in this State that a CPLR article 78 proceeding is not available to challenge a legislative act. (E.g., Matter of Ames Volkswagen v State Tax Comm., 47 NY2d 345, 348; New York Public Interest Research Group v Steingut, 40 NY2d 250, 254, n 1; Matter of Friedman v Cuomo, 39 NY2d 81, 83; Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y, 31 NY2d 184, 191-192; Matter of Gold v Lomenzo, 29 NY2d 468, 476, n 4; Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400, 407; see, generally, 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.02.) The majority, obviously recognizing this established body of law, seeks to circumvent its impact by concluding that "[t]he action of the Monroe County Legislature sought to be reviewed was not 'legislative’ in the precise sense of that term” (p 703). With reluctance, I cannot agree and cast my vote for reversal.
Concededly, the delineation between administrative and legislative acts is often blurred, especially in the field of local government. But this observation does not relieve the courts of applying the proper label to governmental enactments, especially where the distinction is not blurred.
Here, the sewer board — the only administrative body involved — possessed the limited power of recommendation. As the provisions of section 271 of the County Law make explicit, the county legislature retains the authority to either accept, reject, or alter the proposal submitted by the sewer board. As stated, "[a]t the time and place specified, the board of supervisors shall meet and hear and consider any objections to the assessment roll, and may change or amend the same as it deems necessary or just so to do and may affirm and adopt the same as originally proposed or as amended or changed, or they may annul the same and order the administrative head or body to proceed anew and to prepare another roll or the board of supervisors may prepare such new roll.” (County Law, § 271, subd 1.)
In light of the broad power vested in the county legislature *706 and the uniform application of the rate schedules adopted, I find it well-nigh impossible to classify the actions of the Monroe County Legislature as anything but legislative. Hence, CPLR article 78 review would not be available to plaintiffs to challenge the constitutionality of the assessment rolls of their sewer district, and a six-year — not four-month — period of limitations should govern plaintiffs’ declaratory judgment action.
Nor does our recent opinion in Solnick v Whalen (49 NY2d 224) dictate, or even intimate, that a different result be reached. In Solnick, we held that the four-month period of limitations governs an action for declaratory judgment when the resolution of the parties’ rights could be had in a CPLR article 78 proceeding. The very predicate for this sound rule of law is, however, that an article 78 proceeding be available to the party seeking legal redress. Inasmuch as plaintiffs are challenging a legislative act, this predicate is simply not satisfied in this case.
My disagreement with the majority should not be read as an outright sanction of tardy legal actions, for if the majority’s result could have been supported by what I view to be sound legal analysis, I certainly would have concurred wholeheartedly. However, I feel constrained by legal precedent and sincerely believe that the result reached by the majority today is best reserved for legislative action.
As to the underlying merits of this appeal — not reached by the majority due to its disposition — it suffices to say that I agree completely with the dissenting Justices below. There was simply no administrative remedy for plaintiffs to pursue.
Accordingly, I would reverse the order of the Appellate Division, reinstate plaintiffs’ complaint and direct a trial of the issues presented.
Chief Judge Cooke and Judges Gabrielli, Wachtler, Fuchsberg and Meyer concur with Judge Jones; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed.