■ DONALD MARCUS, Appellant, v WILBUR A. LEVIN et al., Respondents. [603 NYS2d 323] —In an action for a judgment declaring Judiciary Law §§ 506 and 507 unconstitutional and for a preliminary injunction barring the Commissioner of Jurors from selecting the plaintiff for jury duty, the plaintiff appeals from an order and judgment (one paper) of the Su-

preme Court, Kings County (G. Aronin, J.), dated April 8, 1991, which denied the plaintiff's motion for summary judgment, granted the cross application of the defendants for summary judgment, and declared that Judiciary Law §§ 506 and 507 are constitutional.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff seeks a judgment declaring, *inter alia,* that Judiciary Law §§ 506 and 507 are unconstitutional to the extent that they allow the Commissioner of Jurors to choose prospective jurors from voter registration lists. The plaintiff claims that jury duty is an economic burden because individuals are forced to absent themselves from work for a jury stipend which is less than their salary. If he registers to vote, the plaintiff argues, he increases his chances of being called for jury duty. The plaintiff claims that his right to vote has been chilled because of his fear that he will be called to serve as a juror if he registers to vote, and, thus, he has been denied his rights under the Equal Protection Clauses of the Federal and State Constitutions.

We note at the outset that an analysis of the plaintiff's claims on equal protection grounds may not be appropriate, since the plaintiff claims that the statutes create an "unreasonable interference with the fundamental right to vote" *(Matter of Friedman v Cuomo,* 39 NY2d 81, 85). In any event, we have determined that Judiciary Law §§ 506 and 507 are constitutional, even under an equal protection analysis, because they promote a compelling State interest *(see, Atkin v Onondaga County Bd. of Elections,* 30 NY2d 401). The State has long recognized the significance of jury trials to our system of jurisprudence and the importance of ensuring that jurors are drawn from as broad a cross-section of society as possible *(see,* Judiciary Law § 500; *Thiel v Southern Pac. Co.,* 328 US 217; *People v Kern,* 75 NY2d 638, 651, *cert denied* 498 US 824). Furthermore, even if jury duty imposes an economic burden on some individuals, that burden pales in comparison to each citizen's duty to serve as a juror when called *(see, Thiel v Southern Pac. Co., supra).*

The plaintiff also argues that Judiciary Law § 506 violates 42 USC § 1973i (b), which prohibits interference with an individual's right to vote. The plaintiff, however, has not raised a cognizable claim under section 1973i (b) because his subjective fear that he will be called as a juror if he registers to vote is not the type of intimidation or coercion against which section 1973i (b) is designed to protect *(see, Velasquez v*

*City of Abilene,* 725 F2d 1017; *Olagues v Russoniello,* 770 F2d 791). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.