ANDERSON et al. v. MARTIN.

No. 51.  Argued November 20–21, 1963.—Decided January 13, 1964.

*Jack Greenberg* argued the cause for appellants.  With him on the brief were *James M. Nabrit III* and *Johnnie A. Jones.*

*Jack P. F. Gremillion,* Attorney General of Louisiana, argued the cause for appellee.  With him on the brief were *Carroll Buck,* First Asssistant Attorney General, *Harry Fuller,* Second Assistant Attorney General, and *Teddy W. Airhart, Jr.,* Assistant Attorney General.

*Solicitor General Cox, Assistant Attorney General Marshall* and *Harold H. Greene* filed a brief for the United States, as *amicus curiae,* urging reversal.

MR. JUSTICE CLARK delivered the opinion of the Court.

Louisiana Revised Statutes § 18:1174.1 provides that in all primary, general or special elections, the nomination papers and ballots shall designate the race of candidates for elective office.[1] The question involved in this appeal is whether this requirement violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment or the Fifteenth Amendment to the Constitution of the United States. A three-judge United States District

---

[1] La. Rev. Stat. (1960 Supp.) § 18:1174.1:

"Designation of race of candidates on paper and ballots

"A. Every application for or notification or declaration of candidacy, and every certificate of nomination and every nomination paper filed in any state or local primary, general or special election for any elective office in this state shall show for each candidate named therein, whether such candidate is of the Caucasian race, the Negro race or other specified race.

"B. Chairmen of party committees, party executive committees, presidents of boards of supervisors of election or any person or persons required by law to certify to the secretary of state the names of candidates to be placed on the ballots shall cause to be shown in such certification whether each candidate named therein is of the Caucasian race, Negro race or other specified race, which information shall be obtained from the applications for or notifications or declarations of candidacy or from the certificates of nomination or nomination papers, as the case may be.

"C. On the ballots to be used in any state or local primary, general or special election the secretary of state shall cause to be printed within parentheses ( ) beside the name of each candidate, the race of the candidate, whether Caucasian, Negro, or other specified race, which information shall be obtained from the documents described in Sub-section A or B of this Section. The racial designation on the ballots shall be in print of the same size as the print in the names of the candidates on the ballots."

Court, convened under 28 U. S. C. § 2284, upheld the constitutionality of the statute by a 2-to-1 vote, 206 F. Supp. 700. On direct appeal, 28 U. S. C. § 1253, we noted probable jurisdiction, 372 U. S. 904.

## I.

Appellants, residents of East Baton Rouge, Louisiana, are Negroes. Each sought election to the School Board of that parish in the 1962 Democratic Party primary election. Prior to the election they filed this suit against the Secretary of State of Louisiana seeking to enjoin the enforcement of Act 538 of the 1960 Louisiana Legislature, § 1174.1 of Title 18 of the Louisiana Revised Statutes, which requires the Secretary to print, in parentheses, the race of each candidate opposite his name on all ballots. Asserting that the statute violated, *inter alia,* the Fourteenth and. Fifteenth Amendments, appellants sought both preliminary and permanent injunctions and a temporary restraining order. A United States district judge denied the motion for a temporary restraining order and a three-judge court was convened. After a hearing on the merits, the preliminary injunction was denied with one judge dissenting. Thereafter the appellants sought to amend their complaint so as to show that the primary election had been held and that both appellants had been defeated[2] because of the operation and enforcement of the statute here under attack. They further alleged that they "intend to be candidates in the next duly constituted democratic primary election for nomination as members of the East Baton Rouge Parish School Board . . . ." Leave to amend was denied by the district judge and the three-judge court thereafter denied the request for a permanent injunction. We have concluded that the compulsory designation by Louisiana of the race

[2] Anderson was defeated in the primary and Belton in a subsequent run-off.

of the candidate on the ballot operates as a discrimination against appellants and is therefore violative of the Fourteenth Amendment's Equal Protection Clause.[3]  In view of this we do not reach appellants' other contentions.

## II.

At the outset it is well that we point out what this case does not involve.  It has nothing whatever to do with the right of a citizen to cast his vote for whomever he chooses and for whatever reason he pleases or to receive all information concerning a candidate which is necessary to a proper exercise of his franchise.  It has to do only with the right of a State to require or encourage its voters to discriminate upon the grounds of race.  In the abstract, Louisiana imposes no restriction upon anyone's candidacy nor upon an elector's choice in the casting of his ballot.  But by placing a racial label on a candidate at the most crucial stage in the electoral process—the instant before the vote is cast—the State furnishes a vehicle by which racial prejudice may be so aroused as to operate against one group because of race and for another.  This is true because by directing the citizen's attention to the single consideration of race or color, the State indicates that a candidate's race or color is an important— perhaps paramount—consideration in the citizen's choice, which may decisively influence the citizen to cast his ballot along racial lines.  Hence in a State or voting district where Negroes predominate, that race is likely to be favored by a racial designation on the ballot, while in those communities where other races are in the majority, they may be preferred.  The vice lies not in the resulting injury but in the placing of the power of the State behind a racial classification that induces racial prejudice at the polls.

[3] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U. S. Const., Amend. XIV, § 1.

## III.

As we said in *NAACP* v. *Alabama,* 357 U. S. 449, 463 (1958): "The crucial factor is the interplay of governmental and private action . . . ." Here the statute under attack prescribes the form and content of the official ballot used in all elections in Louisiana. The requirement that "[e]very application for or notification or declaration of candidacy, and every certificate of nomination and every nomination paper filed . . . shall show for each candidate named therein, whether such candidate is of the Caucasian race, the Negro race or other specified race" was not placed in the statute until 1960. Prior to that time the primary election ballot contained no information on the candidates other than their names; nor did the general election ballot, which only grouped the named candidates according to their respective political party. The 1960 amendment added "race" as the single item of information other than the name of the candidate. This addition to the statute in the light of "private attitudes and pressures" towards Negroes at the time of its enactment[4] could only result in that "repressive effect" which "was brought to bear only after the exercise of governmental power." *Bates* v. *Little Rock,* 361 U. S. 516, 524 (1960).

Nor can the attacked provision be deemed to be reasonably designed to meet legitimate governmental interests in informing the electorate as to candidates. We see no relevance in the State's pointing up the race of the candidate as bearing upon his qualifications for office. Indeed, this factor in itself "underscores the purely racial character and purpose" of the statute. *Goss* v. *Board of Education,* 373 U. S. 683, 688 (1963).

The State contends that its Act is nondiscriminatory because the labeling provision applies equally to Negro

---

[4] See Wollett, Race Relations, 21 La: L. Rev. 85 (1960).

and white. Obviously, Louisiana may not bar Negro citizens from offering themselves as candidates for public office, nor can it encourage its citizens to vote for a candidate solely on account of race. Cf. *Steele* v. *Louisville & N. R. Co.*, 323 U. S. 192, 203 (1944). And that which cannot be done by express statutory prohibition cannot be done by indirection. Therefore, we view the alleged equality as superficial. Race is the factor upon which the statute operates and its involvement promotes the ultimate discrimination which is sufficient to make it invalid. *Goss* v. *Board of Education, supra,* at 688. The judgment is therefore

*Reversed.*