In The Matter Of The Petition Of Albert F. Manion To Perpetuate Testimony Of The City News Bureau Of Chicago.

Albert F. MANION, Plaintiff-Appellant,

v.

Sidney T. HOLZMAN, Francis P. Canary, Marie H. Suthers, Thaddeus V. Adesko and Raymond F. Simon, Defendants-Appellees.

Nos. 15958, 16083.

United States Court of Appeals Seventh Circuit.

June 26, 1967.

Donald S. Manion, Chicago, Ill., for appellant.

William R. Ming, Jr., Stanley T. Kusper, Jr., Raymond F. Simon, Ronald Butler, Asst. State's Atty., and Helen I. Cohen, Chicago, Ill., for appellees Holzman, Canary and Mrs. Suthers.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

Albert F. Manion, the plaintiff-appellant, prosecutes these appeals from orders of the District Court denying plaintiff a temporary restraining order and dismissing his complaint for permanent

injunctive relief against the defendants-appellees. The orders and judgment of dismissal are grounded on lack of jurisdiction.

The record discloses that plaintiff, a citizen of the United States and of the State of Illinois, and a duly registered voter residing in Chicago, Illinois, within the Third Congressional District of Illinois, was a candidate for the office of Representative in Congress of the United States from the Third Congressional District, in the general election held on November 8, 1966, and voted in such election.

The defendants Sidney T. Holzman, Francis P. Canary and Marie H. Suthers are the members of the Board of Election Commissioners of the City of Chicago, who together with defendant Thaddeus V. Adesko, presiding judge of the County Division of the Circuit Court of Cook County, Illinois, and defendant Raymond F. Simon, corporation counsel of the City of Chicago, constitute the canvassing board with respect to returns of votes cast within the City of Chicago in the election of a Representative in Congress from the Third Congressional District, a portion of which district lies within the corporate limits of the City of Chicago.

The plaintiff's complaint alleges, among other things, that the defendants Holzman, Canary and Suthers, as the Board of Election Commissioners, failed to appoint the requisite number of judges of election for all election precincts under the Board's jurisdiction within the Third Congressional District, and that the defendants, as the Canvassing Board, included in the abstract or statement of votes they were preparing with respect to the election for the office of Representative in Congress from the Third Congressional District numbers and figures of purported votes for the candidates for such office taken from purported precinct returns unsigned by the requisite number of judges of election and from purported returns from voting machine precincts on which the totals were recorded in pencil rather than in ink as required by Illinois statute. The complaint prays that the defendants, in their official capacity as canvassing board, be permanently restrained and enjoined from including in any abstract or statement of votes relating or pertaining to the candidates for the office of Representative in Congress from the Third Congressional District of Illinois any number or figures of votes taken or obtained from any purported return or statement of votes "which is not subscribed by the precinct election officials, as required by the laws of the State of Illinois" and any totals of votes cast in various precincts within the District "where such totals are not properly recorded on returns or statements of votes in ink as required by the laws of the State of Illinois". The complaint alleges the existence of jurisdiction in the District Court under the provisions of 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343.

The complaint was filed November 21, 1966. Prior thereto, on November 17, 1966, the District Court entered an order vacating a temporary restraining order the court had issued earlier on that same date restraining defendants from proceeding with the canvass until further order. This November 17 order also denied plaintiff's original motion for a temporary restraining order.[1] A subsequent motion of the plaintiff for a temporary restraining order, presented to the court on November 21, 1966, was denied on November 23, 1966, and on January 10, 1967, plaintiff's complaint was dismissed.

Plaintiff contends that inasmuch as the alleged conduct of the defendants constitutes a violation of pertinent Illinois statutory provisions governing the election of a Representative in Congress it thus deprives him of the right secured to him under Article I, Section 4, Clause

[1] By order of this Court an interlocutory appeal (No. 15958) taken by the plaintiff from such order was consolidated with plaintiff's subsequent appeal (No. 16083) embracing the orders denying the subsequent motion for a temporary restraining order and dismissing the plaintiff's complaint.

1, of the Constitution of the United States [2] to have such election conducted and determined in the manner prescribed by the Illinois statutes, and creates in plaintiff a right to redress as afforded by 42 U.S.C.A. § 1983 and prosecutable in the District Court by virtue of 28 U.S. C.A. § 1343.

Insofar as the injunctive relief sought by plaintiff with respect to the canvass of the returns of the November 8, 1966, congressional election is concerned the issue is now moot. The canvassing board has long since completed its canvass, and on the very day the District Court dismissed the plaintiff's complaint, January 10, 1967, William T. Murphy was sworn in and seated as the Representative in Congress from the Third Congressional District of Illinois without objection from plaintiff or any other person. Moreover, the constitutionally provided judgment of that election resided in the House of Representatives. Article I, Section 5, of the Constitution of the United States; Johnson v. Stevenson, 5 Cir., 170 F.2d 108, cert. den., 336 U.S. 904, 69 S.Ct. 491, 93 L.Ed. 1069. Apart from these considerations it is significant to observe that while the complaint alleges violations of the Illinois statutes it does not allege that any votes counted were not cast as counted; that plaintiff's right to vote was interfered with in any way; that his vote was not counted as cast; that any votes cast for him were not counted; or that votes not cast for his opponent were counted for said opponent. No allegation of any resulting injury to the plaintiff is made.

In our considered judgment § 1983 is designed for the redress, through federal court action, of a party who is, or a class of persons who are, injured by subjection to a deprivation of a constitutional right, privilege, or immunity—not for the enforcement of abstract rights nor for redress for conduct, which although it constitutes a public wrong in transgression of a constitutionally protected right (Cf. United States v. Classic et al., 313 U.S. 299, 61 S.Ct. 1031, 85 L. Ed. 1368), the only impact resulting therefrom is that which the individual who seeks redress shares in common with all members of the public, without specific individual injury to himself. Consequently, we are of the opinion that although if the additional and general prayer of plaintiff's complaint "for such other and further relief as the court may deem proper" be considered as encompassing a request for injunctive relief restraining the defendants from repeating the alleged violations of the Illinois election law provisions in a future congressional election in the district, nevertheless, in addition to the prematureness of the request, such prayer cannot, in the absence of an allegation to support the existence of some individual injury to the plaintiff, serve as foundation for jurisdiction predicated on the statement of a claim within the scope of § 1983. We perceive no allegation of injury to the plaintiff redressable in the federal right of action furnished by § 1983 and therefore cognizable in the District Court by virtue of 28 U.S.C.A. § 1343.

Plaintiff's reliance upon Bell et al. v. Southwell et al., 5 Cir., 376 F.2d 659 (Opinion filed April 14, 1967) is misplaced. In Bell the election voided was for a local state-created office, Justice of the Peace. Article I, Section 5 of the Constitution of the United States had no inhibitive effect upon the existence of jurisdiction, the exercise of judicial power, or the relief to be granted. The defendants' conduct in *Bell* constituted "racial discrimination which was gross, state-imposed, and forcibly state-compelled". The suit was brought on their own behalf and on behalf of other Negroes and other voters in the election district by Mrs. Bell, a qualified elector and candidate for the office involved, and two other named Negro qualified voters. The defendants admitted the maintenance of segregated voting lists and poll-

---

2. "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; * * * ".

ing booths. Insofar as *Bell* may be considered as recognizing a rationale that indefensible state-imposed racial discrimination in the election process carries an inherent injury to the parties affected, or otherwise dispenses with an allegation supporting the existence of individual injury (Cf. Anderson v. Martin, 375 U.S. 399, 84 S.Ct. 454, 11 L.Ed.2d 430), it is of no aid to the plaintiff here where no issue of racial discrimination is involved.

We conclude that, on the basis of lack of jurisdiction, the District Court did not err in its disposition of the plaintiff's motions and complaint. The orders appealed from are therefore affirmed.

Affirmed.