Charles R. BARR, and Thomas W. Novotny, individually, and representing the members of the unincorporated association of Illinois voters, more commonly known as Operation Eagle Eye, and David R. Reed, individually, on behalf of themselves and all other Illinois voters similarly situated, Plaintiffs-Appellants,

v.

Ruthie Mae CHATMAN, Betty Jean Bussie, Ruby Roberts, Mattie M. Taylor and Lillie Ruben, Defendants-Appellees.

No. 16558.

United States Court of Appeals
Seventh Circuit.

July 5, 1968.

Franklin J. Lunding, Jr., Chicago, Ill., for appellants.

Chester L. Blair, Chicago, Ill., for appellees.

Before KILEY, SWYGERT and FAIRCHILD, Circuit Judges.

SWYGERT, Circuit Judge.

Charles R. Barr, Thomas W. Novotny,[1] and David R. Reed instituted a class action pursuant to FED.R.CIV.P. 23 on behalf of "all Illinois residents who voted for the election of a United States Senator [on] November 8, 1966." The complaint alleged that the defendants, Ruthie Mae Chatman, Betty Jean Bussie, Ruby Roberts, Mattie M. Taylor, and Lillie Ruben,[2] in violation of 42 U.S.C. § 1983, engaged in an "intentional miscount of the ballots cast * * * in the 47th Precinct of the 24th Ward of the City of Chicago, which misconduct necessarily distorted the outcome of the

1. These two plaintiffs sued individually and as representatives of the members of an unincorporated association of Illinois voters known as "Operation Eagle Eye."

2. The defendants were judges of election in the 47th Precinct, 24th Ward in the City of Chicago. ILL.STAT.ANN. ch. 46, §§ 14–1, 14–2.

election by changing the weight of each vote cast on November 8, 1966."[3]

Four-fold relief was requested by the plaintiffs. First, they sought a permanent injunction restraining the defendants from ever holding a public office or engaging in a public occupation, "whether it be as an employee or representative of any Federal, State of Local governmental authority or body." Second, they sought "nominal damage" in the amount of $3,822,724, representing one dollar for each Illinois resident who voted in the election. Third, they sought punitive damages in the amount of $1,911,362. Fourth, they sought that all damages be paid "to the State of Illinois to be used by the State for all of the people of the State of Illinois." After the defendants filed their answer, the district court dismissed the case on the grounds that it was an improper class action[4] and that the complaint failed to state a claim on which relief could be granted.

We agree that the district court properly dismissed the plaintiffs' complaint. Although judicial protection of the right to vote, against debasement or dilution, is essential to a representative democracy, a complaint brought under 42 U.S.C. § 1983, which alleges any voting irregularity, however slight, does not thereby automatically state a claim for relief. The plaintiffs' complaint does not allege, for example, that any voters were barred from a polling place nor that any votes cast were not counted. Instead, the plaintiffs contend that there was an alleged counting irregularity in one precinct in the entire state.

We do not believe that this alleged dilution of the right to vote, if it be a dilution at all, sets forth an injury cognizable under section 1983. Our statement in a recent case, in which we sustained the dismissal of a complaint brought under this section, alleging election irregularities, is pertinent:

§ 1983 is designed for the redress, through federal court action, of a party who is, or a class of persons who are, injured by subjection to a deprivation of a constitutional right, * * not for the enforcement of abstract rights nor for redress for conduct, which although it constitutes a public wrong * * * the only impact resulting therefrom is that which the individual who seeks redress shares in common with all members of the public, without specific individual injury to himself. Manion v. Holzman, 379 F.2d 843, 845 (7th Cir. 1967).

What the plaintiffs are here attempting is to convert activities on the part of election judges which may have amounted to a possible criminal offense into an alleged deprivation of the rights of over three million Illinois residents who voted in the November 1966 senatorial election.

Several considerations lead us to conclude that this attempt was improper. First, the alleged misconduct had no effect on the results of the election. Second, the election was concluded long ago, and the victor in that election has taken his rightful place in the United States Senate. Third, there is no allegation that any of the defendants are now serving or are likely in the future to serve as election judges. Fourth, none of the voters in the precinct in question, who would have been much more directly affected by any counting irregularities, sought either to join in this action or to institute an action of

---

3. Specifically, the complaint alleges that four poll watchers physically counted 199 voters who presented themselves at the precinct polling place. The results from that precinct, however, showed that 300 votes had been cast for every Democratic candidate on the ballot and 3 votes had been cast for every Republican candidate on the ballot. (If the alleged misconduct occurred, it increased the vote

for the losing candidate for United States senator, and thus did not affect the outcome.) A request by the poll watchers for a proper count was ignored and the above results were certified to the Board of Election Commissioners.

4. Prior to the district court's order of dismissal, the class action issue was briefed and argued by the parties.

 

their own. Fifth, and most significantly, the plaintiffs pray that any recovery which they might obtain be paid to the State of Illinois for the use of the people of Illinois. This prayer serves to undermine any claim that the plaintiffs, either individually or as a group, sustained any injury to themselves.[5]

The judgment of the district court is affirmed.

---

5. 42 U.S.C. § 1983 provides that liability must run "to the party injured." The plaintiffs' complaint, therefore, seeks relief which is beyond the scope of the statute.