**Dawn Clark NETSCH and James M. Houlihan, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**John W. LEWIS, Secretary of State, Defendant.**

**No. 72 C 110.**

United States District Court,
N. D. Illinois, E. D.

Jan. 14, 1972.

Memorandum, Findings of Fact and Order of Court Jan. 19, 1972.

Before SPRECHER, Circuit Judge, and WILL and BAUER, District Judges.

ORDER

PER CURIAM.

This case comes on to be heard upon motion of the plaintiffs for a temporary restraining order and upon due notice thereof, the Court having heard the statements of counsel for the plaintiffs and of the Assistant Attorney General of the State of Illinois, and being fully advised in the premises, finds as follows:

1. This Court has jurisdiction over the subject matter hereof and over the parties hereto.

2. Illinois House Bill 2485, enacted over the Governor's veto on January 13, 1972, insofar as it purports to grant priority in listing on the election ballot by reason of incumbency and seniority, violates the Fourteenth Amendment to the Constitution of the United States, as previously determined in the cases of Mann v. Powell in this Court, 314 F. Supp. 677, and the United States Supreme Court, 398 U.S. 955, 90 S.Ct. 2169, 26 L.Ed.2d 539, and Weisberg v. Powell in this Court and in the Court of Appeals for the Seventh Circuit, 417 F. 2d 388.

3. The constitutional rights of the plaintiffs, and all persons similarly situated, will be irreparably damaged unless the temporary order sought herein is granted.

It is therefore ordered, adjudged and decreed as follows:

The defendant, his agents and employees and all persons acting in concert and participation with him, are hereby restrained in certification of election ballots from granting priority to candidates by reason of incumbency and seniority, as purported directed by Illinois House Bill 2485 (page 2 of the Amendment), subject to further order of this Court.

## MEMORANDUM, FINDINGS OF FACT AND ORDER OF COURT

This cause coming on for hearing, the Court having considered the amended complaint, the motion of plaintiffs for summary judgment, the motion to intervene, the statements and argument of counsel, and being fully advised in the premises, finds as follows:

1. This Court has jurisdiction over the subject matter hereof and over the parties hereto.

2. Due notice has been given to all parties.

3. The case is appropriate for consideration as a class action.

4. That House Bill 2485 is contrary to the findings and orders of Court in Weisberg v. Powell, 7 Cir., 417 F.2d 388 (1969) and Mann v. Powell, D.C., 314 F.Supp. 677 (1969).

5. That House Bill 2485 denies these plaintiffs and their class the right to equal protection pursuant to the Fourteenth Amendment of the United States Constitution.

6. That the provisions of House Bill 2485 are not severable.

It is therefore ordered, adjudged and decreed as follows:

Plaintiffs' motion for summary judgment is granted.

Intervenor Judith A. Lonnquist's motion to intervene is granted.

House Bill 2485 shall be and is declared null and void and of no effect.

Defendants and each of them, are hereby ordered to act pursuant to the laws of Illinois in determining candidates' positions on the ballot, in a manner consistent with Section 8–10 of the Election Code of Illinois as enacted previous to House Bill 2485.