**J. B. STONER**

v.

**Ben W. FORTSON, Jr., as Secretary of State of the State of Georgia and as a member of the State Election Board.**

**Civ. A. No. 16845.**

United States District Court,
N. D. Georgia,
Atlanta Division.
July 28, 1972.

J. B. Stoner, Marietta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., Robert J. Castellani, Asst. Atty. Gen., Atlanta, Ga., for defendant.

Before BELL, Circuit Judge, and EDENFIELD and O'KELLEY, District Judges.

EDENFIELD, District Judge:

Plaintiff, a non-incumbent candidate for the Democratic Party's nomination for the position of United States Senator from Georgia, filed this class action suit July 13, 1972 pursuant to 42 U.S.C. § 1983 (1970) seeking to enjoin the enforcement by defendant of a portion of Ga.Code Ann. § 34–1102 (1970) and to have that portion declared unconstitutional. Jurisdiction exists under 28 U.S.C. § 1343 (1970) and class action treatment at this stage is appropriate under Rule 23(b) (2), Fed.R.Civ.P. Plaintiff's motion for a temporary restraining order, made the day suit was filed, was denied that same day on behalf of the court by the writer. A three-judge court was subsequently convened by Chief Judge John R. Brown of the Fifth Circuit, pursuant to 28 U.S.C. § 2281 (1970), on July 21, 1972, and a hearing on plaintiff's application for a preliminary injunction was held before this court today, July 28, 1972.

The challenged statute provides in relevant part:

"(a) In each primary separate official ballots shall be prepared for the political party holding the primary.
. . .

\*  \*  \*  \*  \*  \*

"(c) . . . The incumbency of a candidate seeking party nomination for the public office he then holds shall be indicated on the ballots.
. . ."

Plaintiff contends that the quoted portion of § 34–1102(c) is "class legislation" because the state treats incumbent candidates more favorably than non-incumbent candidates by requiring that their incumbency be designated on the primary ballots. He argues that this portion of the statute has no rational basis and is a denial of equal protection under the Fourteenth Amendment. He specifically asks that no designation of the incumbency of Senator David H. Gambrell, who was appointed by Governor Jimmy Carter to fill the unexpired term of the late Senator Richard B. Russell until the upcoming general election in November and who, along with plaintiff, and others, is a candidate for the Democratic Party's nomination for the

position he now holds, be made on the primary ballot.

Testimony from a representative of defendant's office before this court has established that the primary election will be held in 11 days on August 8, 1972. Defendant's office has already mailed to each of the 159 counties of Georgia model ballot forms. It has received confirmation from approximately 80 of the 84 counties using paper ballots that their primary ballots have already been printed and confirmation from most of those counties using voting machines and automatic voting devices that the labels for those machines have already been printed as well. The testimony further revealed that absentee ballots have already been mailed to and returned by absentee voters. In the opinion of the representative of defendant's office, who is in charge of election operations, it would be impossible at this point to remove the incumbency designations from the primary ballots, and it would be virtually impossible at this point to print new paper ballots or new labels for the voting machines, especially in view of the fact that only one printer in the entire state is capable of printing labels for the voting machines.

Whatever the merits of plaintiff's complaint, *see* Rees v. Layton, 6 Cal. App.3d 815, 86 Cal.Rptr. 268 (1970), it is too late for the court to grant injunctive relief with respect to the upcoming primary. Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968); Wright v. Cripps, 292 F.Supp. 294 (D. Del.1968) (three-judge court). *Cf.* Reynolds v. Sims, 377 U.S. 533, 585, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

Nevertheless, during oral argument it was contended that § 34–1102 will apply to the primary runoff election which commonly follows the primary election by several weeks and that incumbents may be involved in that runoff election. Of course, no runoff ballots have been printed yet. Accordingly, the court will retain jurisdiction of this case, *cf.* Reynolds v. Sims, *supra*, 586–587, 84 S.Ct. 1362, and defendant is put on notice that

an order may be entered directly affecting the primary runoff ballots.

For the foregoing reasons plaintiff's motion for a preliminary injunction is denied. The court retains jurisdiction of this action.

It is so ordered.