### The GARY–NORTHWEST INDIANA WOMEN'S SERVICES, INC., et al., Plaintiffs,

v.

### Otis BOWEN, Governor of the State of Indiana, et al., Defendants.

Civ. No. H 74-289.

United States District Court,
N. D. Indiana,
Hammond Division.

Jan. 31, 1976.

W. Henry Walker, East Chicago, Ind., Julian B. Wilkins, Chicago, Ill., for plaintiffs.

Darrell K. Diamond, Asst. Atty. Gen. of Indiana, Indianapolis, Ind., for defendants.

## ORDER OF JUDGMENT

PER CURIAM.

On November 13, 1974 plaintiffs filed this action seeking a temporary restraining order, declaratory judgment and preliminary and permanent injunctive relief against various Indiana officials charged with enforcement of the Indiana Abortion Statute; Burns' Ind.Ann.Stat. §§ 10–107—10–114. A three-judge court was convened. On December 13, 1974 a hearing was held to consider the appropriateness of granting temporary relief. The defendants were advised, present and allowed to participate in the hearing, and we therefore treat plaintiffs' request as one for a preliminary injunction.

Plaintiffs are the Gary-Northwest Indiana Women's Services, Inc., Dr. William R. Lewis, and three pregnant women—Brigitte Coe, Mary Roe, Jane Doe. The defendants are state and county officials charged with the enforcement of the Indiana abortion statute.[1] Jurisdiction is alleged to be based on 28 U.S.C. §§ 1343, 1331. We consider the request for preliminary relief of each of the three women separately.[2]

1. The defendants are the Governor, Lake County prosecutor, Executive Officer of Indiana State Board of Health, State Attorney General and their agents and representatives.

2. Although *Friendship Medical Center, Ltd. v. Chicago Board of Health,* 505 F.2d 1141 (7th Cir., 1974), held that a physician has standing to challenge certain abortion regulations, we

*Brigitte Coe*

Brigitte Coe at the time the complaint was filed was in the third trimester. She alleged that it was her treating physician's professional medical judgment that an abortion was necessary to prevent a substantial permanent impairment of her life and mental health. Plaintiff Coe alleges that restrictions as to what conditions and what procedures may be used during the third trimester are too restrictive. She challenges the following portions of the statute:

Abortion shall in all instances be a criminal act except when performed under the following circumstances:

\* \* \* \* \* \*

(c) After viability of the fetus for reasons based upon the professional, medical judgment of the pregnant woman's physician provided:

\* \* \* \* \* \*

(2) Prior to the abortion the attending physician shall certify in writing to the hospital in which the abortion is to be performed that in his professional medical judgment, after proper examination and review of the woman's history, the abortion is necessary to prevent a substantial permanent impairment of the life or physical health of the pregnant woman. All facts and reasons supporting said certification shall be set forth by the physician in writing and attached to said certificate.

(3) The saline method of abortion shall not be sued.

Burns' Ind.Ann.Stat. § 10–108(c).

At the hearing, the court was informed that plaintiff Coe had received an abortion in another state. Without deciding whether plaintiff Coe no longer has standing to seek further relief or whether she may serve as a named plaintiff for a class of women similarly circumstanced, we hold that her request for a preliminary injunction should be denied.

It is uncontroverted that a preliminary injunction should not issue unless the plaintiff has made a showing of likelihood of prevailing on the merits and that without such relief they will be irreparably injured. 7 J. Moore, Federal Practice ¶ 65.-04[1]. In the present case it is quite clear that plaintiff cannot sustain her burden of showing irreparable injury. Since the issuance of equitable relief would be a futile effort as regards plaintiff Coe, her request for a preliminary injunction is denied. *Manion v. Holzman,* 379 F.2d 843 (7th Cir.), *cert. denied,* 389 U.S. 976, 88 S.Ct. 479, 19 L.Ed.2d 470 (1967).

*Mary Roe*

Mary Roe was first seen by Dr. Lewis on September 18, 1974. She was at that time approximately 16–18 weeks pregnant. She was then in excellent health and sought to have an abortion performed at the Gary-Northwest Clinic. Dr. Lewis refused her request for an abortion because she was in her second trimester and the Indiana abortion statute provided:

Abortion shall in all instances be a criminal act except when performed under the following circumstances:

\* \* \* \* \* \*

(b) After the first trimester of pregnancy and before viability, for reasons based upon the professional, medical judgment of the pregnant woman's physician provided:

\* \* \* \* \* \*

(2) It is performed in a hospital.

Burns' Ind.Ann.Stat. § 10–108(b).

Plaintiff Roe challenges the hospital requirement for second trimester abortions. The court has determined that a preliminary injunction on her claim should not issue.

In *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), the Supreme Court held that from and after the

---

believe that in these cases the plaintiff-physician has not made a sufficient showing of irreparable injury to entitle him to the requested

injunctive relief where his patient for some reason is not entitled to injunctive relief.

first trimester that a state could regulate the abortion procedure "to the extent that the regulation reasonably relates to the preservation and protection of maternal health." *Id.* at 163, 93 S.Ct. at 732. The Supreme Court went on to say:

> Examples of permissible state regulation in this area [maternal health] are requirements as to the qualifications of the person who is to perform the abortion; as to the licensure of that person; *as to the facility in which the procedure is to be performed, that is, whether it must be a hospital or may be a clinic or some other place of less-than-hospital status;* as to the licensing of the facility; and the like.

*Id.* (emphasis added).

Whether a hospital requirement for the second trimester per se comports with a "reasonable regulation" standard is not certain and need not be decided at this point. But at the very least in instances where a preliminary injunction is sought and the plaintiff bears the burden of showing a likelihood of ultimately prevailing, the foregoing language of the Court is sufficient grounds for denying the requested preliminary relief.

*Jane Doe*

Jane Doe, a resident of Gary, Indiana, is an unmarried minor 16 years of age who seeks an abortion in the State of Indiana. Plaintiff Doe first went to see Dr. Lewis at the Gary-Northwest Clinic during the beginning of October 1974. At that time she was approximately 6–8 weeks pregnant and in excellent health. At the time of the hearing in this matter she was approximately 17–19 weeks pregnant.

Plaintiff Doe challenges the provision of the Indiana Abortion Law that provides:

> Abortion shall in all instances be a criminal act except when performed under the following circumstances:
>
> (a) During the first trimester of pregnancy for reasons based upon the professional, medical judgment of the pregnant woman's physician provided:
>
> \* \* \* \* \* \*
>
> (2) The woman submitting to the abortion has filed her consent with said physician. If said woman is unmarried and is less than eighteen [18] years of age, said consent shall be joined by a parent or other person in loco parentis . . ..
> Burns' Ind.Ann.Stat. § 10–108(a).

■ While it is true that the Supreme Court in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), specifically refused to consider whether parental consent statutes were constitutional, *Id.* at 165 n. 67, 93 S.Ct. 705, there is increasing authority for the proposition that such provisions are invalid. *Coe v. Gerstein,* 376 F.Supp. 695 (S.D.Fla.1974) (3 judge court) *appeal docketed,* No. 73–1157, 42 U.S.L.W. 3441 (U.S. January 28, 1974); *In the Matter of P. J.,* 12 Cr.L.Rptr. 2549 (D.C.Super.Ct., February 6, 1973);[3] *cf. In re Smith,* 16 Md.App. 209, 295 A.2d 238 (1972); *Ballard v. Anderson,* 4 Cal.3d 873, 95 Cal.Rptr. 1, 484 P.2d 1345 (1971).

In *In the Matter of P. J., supra,* the court ruled that the mere status of minority should not render a person incompetent to make an abortion decision. The court ruled that a 17 year old be permitted to have an abortion despite the objection of her mother, who had cared for her daughter's first child.

In *Coe v. Gerstein, supra,* the court held unconstitutional a Florida statute requiring parental consent for minors under 18 years of age before an abortion could be performed. The court said:

> We are persuaded that if the State cannot interfere to protect the fetus' interest in its potential life until the compelling point of viability is reached, neither can it interfere on behalf of . . parents . . ...
>
> \* \* \* \* \* \*

---

3. *See generally Note, The Minor's Right to Abortion and the Requirement of Parental Consent,* 60 Va.L.Rev. 305 (1974).

The failure of the Florida ". . . parental consent" requirement is that it gives to . . . parents the authority to withhold consent for abortions for any reason or no reason at all. It allows a . . . parent to withhold consent out of concern for maternal health or the potential life of the fetus, in addition to other compelling reasons each may have for doing so.

As we learn from *Roe v. Wade, supra,* the State has no authority to interfere with a woman's right of privacy in the first trimester to protect maternal health nor can it interfere with that right before the fetus becomes viable in order to protect potential life. It follows inescapably that the State may not statutorily delegate to . . . parents an authority the State does not possess.

We do not learn from the opinion in *Roe v. Wade, supra,* the age of plaintiff Roe, the pregnant woman who enjoyed the "fundamental", "*personal* right of privacy" [emphasis supplied] recognized by the Supreme Court. *But we do know that a pregnant woman under 18 years of age cannot, under the law, be distinguished from one over 18 years of age in reference to "fundamental", "personal", constitutional rights.*

376 F.Supp. at 697–98 (emphasis added).

Furthermore, plaintiff alleges that the Indiana statute unreasonably discriminates against unmarried females under 18 years of age where the marital status of the individual should be of no significance. Since at present there is no requirement that we know of in Indiana that a husband or anyone else give their consent before a minor wife may obtain an abortion, plaintiffs may ultimately be able to show that the line drawn between two similar classes of women by the Indiana legislature serves no valid purpose.

*Findings of Fact and Conclusions of Law*

1. Brigitte Coe, because her pregnancy has already been aborted, is not entitled to injunctive relief because she has failed to satisfy the court that a denial of such relief will cause her irreparable injury.

2. Mary Roe was at the time this action was filed in her second trimester. The court finds that the plaintiff Roe has first failed to establish that the Indiana hospital requirement for second trimester abortions is unreasonable and thereby inconsistent with the Supreme Court's holding in *Roe* and therefore has not convinced the court that she has a substantial likelihood of success on the merits. Accordingly, her request for injunctive relief is denied.

3. Jane Doe is an unmarried minor 16 years of age who desires an abortion and does not have the consent of either parent as required by Burns' Ind.Ann.Stat. § 10–108(a)(2). At the time of the hearing in this cause she was approximately 17–19 weeks pregnant. Plaintiff Doe has convinced this court that (1) unless granted the preliminary relief requested she will suffer irreparable and immediate injury, and (2) that there is a substantial likelihood that she will eventually be successful on the merits. Therefore, the court will issue an order preliminarily enjoining the defendant Indiana State officials named in the caption from enforcing against plaintiffs that portion of Burns' Ind.Ann.Stat. § 10–108(a)(2) which requires that an unmarried woman under 18 years of age obtain the consent of a parent before being able to procure an abortion.

SEPARATE STATEMENT

ALLEN SHARP, District Judge.

Since *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), does not explicitly decide the question of parental consent to an abortion for a minor, I would reserve that question for a full determination here on the merits, rather than on a preliminary injunction.