Robert E. MANN and Bernard
Weisberg, Plaintiffs,

v.

Paul POWELL, individually and as Secretary of State of the State of Illinois; The Honorable Richard B. Ogilvie, Governor of the State of Illinois, The Honorable William Scott, Attorney General of Illinois, The Honorable Adlai Stevenson III, Treasurer of the State of Illinois, Michael Howlett, Auditor of Public Accounts of Illinois, Victor L. Smith, Chairman of the Central Committee of the Republican Party, James A. Ronan, Chairman of the Central Committee of the Democratic Party, individually and as members of the Electoral Board of the State of Illinois, Defendants.

No. 69 C 2235.

United States District Court,
N. D. Illinois, E. D.

Dec. 5, 1969.

Judgment Affirmed June 15, 1970.
See 90 S.Ct. 2169, 2170.

Joel J. Sprayregen, Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen., State of Illinois, John Galvin, Asst. Atty. Gen., Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

Before SWYGERT, Circuit Judge, and PARSONS and DECKER, District Judges.

PER CURIAM.

Plaintiffs, Robert E. Mann and Bernard Weisberg, ask us to declare Illinois

Public Act 76–1964 unconstitutional and to enjoin Paul Powell, Secretary of State, and the other named defendants, *ex officio* members of the Electoral Board of the State of Illinois, from engaging in certain unconstitutional acts pursuant thereto. The jurisdiction of this court is properly invoked under 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201, 2202.

Mann, a member of the Illinois House of Representatives, intends to file his nominating petition for re-election in the March 17, 1970 primary election. Weisberg is a registered voter who intends to vote in the primary election. Additionally, Augustus A. Savage, an intended candidate for the Democratic nomination to Congress, and Saul Mendelson, an intended candidate for the Democratic nomination for the Illinois Senate, seek to intervene as plaintiffs. Leave to intervene is hereby granted.

This case and the challenged statute are a sequel to the case of Weisberg v. Powell, 417 F.2d 388 (7th Cir. 1969). The facts of that case are clearly set out in the opinion and need not be restated here. Suffice it to say that the court held that Powell had violated the plaintiff's constitutional rights in two respects: (1) He had informed some persons and not others that nominating petitions for the Constitutional Convention could be filed by mail and would be accepted prior to the first day of filing on July 7 and that mailed petitions would receive priority in the assignment of ballot positions; (2) He considered all petitions which were filed by mail to be tied and broke ties by awarding the first ballot positions to those he personally favored. The court enjoined these practices and ordered Powell to assign ballot positions in a nondiscriminatory manner by lot.

As an alleged outgrowth of the court's decision in *Weisberg*, on October 23, 1969, the Illinois General Assembly enacted Illinois Public Act 76–1964. This enactment provides in pertinent part:

"(3) The Secretary of State and the various clerks with whom such petitions for nomination are filed shall specify the place where filings shall be made and upon receipt shall endorse thereon the day and hour on which each petition was filed. Petitions filed by mail and received after midnight and on hand upon the opening of the office involved, shall be deemed as filed as of 8:00 a. m. of that day or as of the normal opening hour of such day, as the case may be, and all petitions received thereafter shall be deemed as filed in the order of actual receipt. Where 2 or more petitions are received simultaneously, the Secretary of State or the various clerks with whom such petitions are filed shall break ties and determine the order of filing, and such determination shall be conclusive."

Plaintiffs contend that the statute is unconstitutional for failure to set out standards to guide the Secretary's action in breaking ties. We find this to be a substantial constitutional question, and hold accordingly that the three-judge court is properly convened pursuant to 28 U.S.C. § 2281. Zemel v. Rusk, 381 U.S. 1, 85 S.Ct. 1271, 14 L. Ed.2d 179 (1965); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

The first day of filing nominating petitions for the March 17, 1970 primary is December 8, 1969. Because of the short time span between the convening of this court and the date set for the filing of nominating petitions, complete presentation and consideration of arguments and authorities relative to the constitutionality of Public Act 76–1964 has not been possible. Accordingly, our decision of that issue must be deferred at this time.

Defendant Powell has stated by affidavit, however, that he will follow his previous practice in determining the order of filing of petitions received by mail between midnight and 8:00 A.M. on December 8:

By treating said mailed petitions as received simultaneously and using his discretion to break ties similar to the

method used to break ties on Monday, July 7, 1969.

Moreover, Powell has stated that he will favor incumbents in breaking ties.

 Regardless of the constitutionality of Public Act 76–1964, this threatened manner of breaking ties is a purposeful and unlawful invasion of plaintiffs' Fourteenth Amendment right to fair and evenhanded treatment. Weisberg v. Powell, *supra*; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L. Ed. 497 (1944). To preserve this right, we have determined that a preliminary injunction shall issue this day.

Accordingly, it is ordered and decreed that the defendants, and those acting in their behalf, are enjoined from breaking ties in the order of listing nominating petitions on primary ballots for the election to be held on March 17, 1970, and from certification thereof, by any means other than a drawing of candidates' names by lot or other nondiscriminatory means by which each of such candidates shall have an equal opportunity to be placed first on the ballot.