(No. 46420.—

DOUGLAS HUFF, JR., Appellee, v. STATE BOARD OF ELECTIONS *et al.*, Appellants.—(Dawn Clark Netsch *et al.*, Intervening Defendants-Appellants.)

*Opinion filed March 29, 1974.*

William J. Scott, Attorney General, of Springfield (Herbert L. Caplan, Assistant Attorney General, of counsel), for appellants.

Barbara J. Hillman and Steven H. Mora, both of Chicago, for intervening appellants.

John J. O'Toole, of Chicago, for appellee.

Howard Eglit, of Chicago, for *amicus curiae* American Civil Liberties Union.

MR. JUSTICE DAVIS delivered the opinion of the court:

This case involves the sequential order in which candidates are to be listed on the ballot in Illinois elections. This issue has created problems which have heretofore been litigated; and the chronology of this litigation and of subsequent legislative enactments and

administrative rulings are essential to an understanding of the problem here under consideration.

Prior to 1969, it was the unwritten practice of the Illinois Secretary of State to give preference in ballot position to candidates who presented petitions by mail on the weekend before a filing date.

In *Weisberg v. Powell* (7th Cir. 1969), 417 F.2d 388, in considering this circumstance the court stated at page 390:

> "The secretary's office had made special arrangements with the Springfield post office for delivery of mail on Sunday, July 6. Petitions received in that mail were treated as if presented at 8:00 a.m. Monday. Where petitions for several candidates in one district were received on Sunday, the Secretary of State considered them tied for first filing, and decided the order of filing according to his own preference among those several candidates."

Petitions presented personally by candidates or their representatives, who were waiting in line when the Secretary's office opened at 8:00 A.M. on Monday, were received and filed in order, but after those received by mail on Sunday. And at page 391 the court stated:

> "Mr. Powell testified: 'I gave preference to people that I knew, where there was a tie; and I had no communication from the regular Democratic Organization of Cook County. I did not have to have it.' And: 'After thirty years in the legislature and five years in the Secretary of State's office, I think names are familiar to me, both Democrats and as Republicans, as to people that have been in State government and people active in their government.'
>
> We think there can be no real question but that Mr. Powell employed the device of the Sunday mail pickup to give top ballot position to

people he preferred to have elected and that he saw to it that the people he wanted to prefer were informed that they should file by mail on Sunday."

Prior to 1969, the Election Code of the State of Illinois provided no guidance for determining the sequential order for listing of candidates on the ballot. The Secretary of State used his discretion in determining the order of listing of candidates. This procedure was declared unconstitutional in *Weisberg v. Powell,* at pages 393 and 394, where the court stated:

"We conclude that there was an intentional and purposeful discrimination which, to a significant extent, deprived the plaintiff and other members of his class of equal protection of the laws in this nonpartisan election."

The problem of determining ballot order when petitions were simultaneously received was the next circumstance which received court determination. This issue was decided in *Mann v. Powell* (N.D. Ill. 1969), 314 F. Supp. 677, *aff'd* (1970), 398 U.S. 955, 26 L. Ed. 2d 539, 90 S. Ct. 2169, 2170.

In *Mann v. Powell,* the court enjoined the certification of the sequential order of candidate's names on the ballot by any means other than by lot or other nondiscriminatory method. 314 F. Supp. 677, 679.

In January of 1972, the General Assembly enacted, over the Governor's veto, House Bill 2485, also known as Public Act 77—1804, which provided for ordering the ballot lists based on the candidate's seniority and incumbency. This statute, effective January 13, 1972, was struck down in *Netsch v. Lewis* (N.D. Ill. 1972), 344 F. Supp. 1280, as contrary to the order of the court in *Weisberg v. Powell,* 417 F.2d 388, and *Mann v. Powell,* 333 F. Supp. 1261.

The General Assembly amended paragraph 6 of section 7—12 of the Election Code, effective September

27, 1971, to provide that candidates were to be listed in the order in which their nominating petitions were received. Paragraph 6 of section 7—12 reads:

"6. The Secretary of State and the various clerks with whom such petitions for nominations are filed shall specify the place where filings shall be made and upon receipt shall endorse thereon the day and hour on which each petition was filed. Petitions filed by mail and received after midnight and on hand upon the opening of the office involved shall be deemed as filed as of 8:00 a.m. of that day or as of the normal opening hour of such day, as the case may be, and all petitions received thereafter shall be deemed as filed in the order of actual receipt. Where 2 or more petitions are received simultaneously, the Secretary of State or the various clerks with whom such petitions are filed shall break ties and determine the order of filing, and such determination shall be conclusive." Ill. Rev. Stat. 1971, ch. 46, par. 7—12.

This section was amended by Public Act 78—918, which inserted the words "State Board of Elections" in lieu of the words "Secretary of State." On September 19, 1973, Secretary of State Michael J. Howlett, who was then directed by the Election Code to receive candidates' petitions as provided in paragraph 6 of section 7—12 of the Election Code, above quoted, issued a directive specifying the manner in which he would receive such petitions, the order in which they would be deemed received, and the resultant order of placement on the ballot. This directive, which was adopted by the State Board of Elections at its first meeting as Regulation 1973—2, provides:

"All nominating petitions received in the Office of the Secretary of State on behalf of the State Board of Elections shall be deemed to have been filed in the following order:

1. Petitions received by mail after 12:00 midnight and on hand at the opening of the office at 8:00 a.m., Monday, December 10, 1973, shall be deemed filed as of 8:00 a.m. that date;

2. All petitions filed by persons waiting in line as of 8:00

a.m., Monday, December 10, 1973, at the Office of the Secretary of State shall be deemed filed as of 8:00 a.m. that date;

3. Petitions filed in the Office of the Secretary of State thereafter shall be deemed to be filed as of the time they are actually received by the Secretary of State on behalf of the State Board of Elections."

Thereafter, on Monday, December 10, 1973, numerous candidates for the primary election of March 19, 1974, filed their nominating petitions, in accordance with Regulation 1973—2. This regulation was sent to each and every person who evinced a desire to participate in the March 19, 1974, primary election. There were many candidates and but little space and a sparsity of clerks, so it took some time to actually file all the petitions which were personally presented by the candidates or their representatives at the Secretary's office. All petitions received by mail after 12:00 midnight and on hand at the opening of the Secretary's office at 8:00 A.M. were deemed filed as of 8:00 A.M. and the petitions of all candidates who were in line personally or by a representative as of 8:00 A.M. at the Secretary's office were deemed filed as of 8:00 A.M. also, and all such petitions were considered as filed simultaneously with and tied for first position on the ballot. A lottery was scheduled to break the ties. It was to be held on Friday, January 4, 1974. On January 2, 1974, this suit was filed to set aside the regulation of the State Board of Elections and for an order prohibiting the possibility of first ballot position to all candidates who filed their nominating petitions in person, including those present as of 8:00 A.M. on December 10, 1973, at the Index Office of the Secretary of State, whose petitions were stamped, "Deemed received as of 8:00 A.M."

The trial judge of the circuit court of Cook County held that paragraph 6 of section 7—12 of the Election Code is "ambiguous at best"; that Regulation 1973—2 of the State Board of Election Commissioners is contrary to paragraph 6 of section 7—12 of the Illinois Election Code,

and ordered the Board to exclude candidates whose petitions were presented in person as of 8:00 A.M. from the lottery to determine first ballot position.

The intervening defendants-appellants have appealed from that order pursuant to Supreme Court Rule 302(b). Due to the existing emergency situation, we specially set the case for argument, and at the conclusion of the argument, after a brief conference, entered the following order from the bench:

> "The judgment of the Circuit Court of Cook County is reversed. All lotteries in this primary election are to be conducted in accordance with the regulations of the State Board of Elections. Opinion to follow. The request for stay of this order is denied."

The only guidance provided by paragraph 6 of section 7–12, and repeated in section 8–9(3)–which was enacted prior to House Bill 2485–of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 8–9(3)), reads:

> "Petitions filed by mail and received after midnight and on hand upon the opening of the office involved, shall be deemed filed as of 8:00 a.m. of that day *** and all petitions received *thereafter* shall be deemed as filed in the order of actual receipt." (Emphasis ours.)

There is no question that all mailed petitions on hand at 8:00 A.M. are to be considered filed as of 8:00 A.M.: the issue is what petitions are to be considered filed thereafter. The word "thereafter" obviously refers back to the first time mentioned, *i.e.,* upon the opening of the office involved, or at 8:00 A.M. The petitions filed after those on hand at 8:00 A.M. are to be considered as filed later in the order of receipt.

There is nothing in the statute to indicate that only petitions that were mailed would be considered on hand at 8:00 A.M. While the statute may not be free from all ambiguity, we believe that the intent of the legislature in passing paragraph 6 of section 7–12 and section 8–9(3) of

the Election Code is reasonably clear. It was endeavoring to provide a fair and impartial means of determining the order in which nominating petitions were to be considered filed so that ballot placement could be settled on a nondiscriminatory basis. Such legislation was mandated by the decisions in *Weisberg v. Powell,* 417 F.2d 388; *Mann v. Powell,* 333 F. Supp. 1261; and *Netsch v. Lewis,* 344 F. Supp. 1280. These decisions plainly indicated that discrimination and favoritism in determining sequential ballot placement would not be tolerated.

In *Cherin v. R. & C. Company* (1957), 11 Ill.2d 447, at page 451, this court stated:

"The primary object of statutory construction is to ascertain and give effect to legislative intent, and courts should consider the reason or necessity for the enactment, the contemporaneous conditions, existing circumstances, and the object sought to be obtained by the statute. *Petterson v. City of Naperville,* 9 Ill.2d 233; *The People ex rel. Bell v. New York Central Railway Co.,* 10 Ill.2d 612."

When we consider the reason for the enactment of paragraph 6 of section 7—12 and section 8—9(3) of the Election Code, *i.e.,* a sequential ballot placement procedure which would be fair and free from discrimination, we conclude that these enactments and the supplementing regulation of the State Board of Elections No. 1973—2 accomplished this purpose.

For these reasons the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*