Dave BAUM, Plaintiff-Appellant,

v.

Franklin J. LUNDING, Jr., Chairman, Illinois State Board of Elections, et al., Defendants-Appellees.

No. 76–1137.

United States Court of Appeals, Seventh Circuit.

Argued April 20, 1976.

Decided May 17, 1976.

Dave Baum, in pro. per.

Ian H. Levin, Robert Y. Sperling, Michael L. Levinson, Chicago, Ill., for defendants-appellees.

Before SWYGERT, Circuit Judge, MARKEY, Chief Judge, Court of Customs and Patent Appeals,* and JAMESON, District Judge.**

PER CURIAM.

Plaintiff-appellant was a candidate in the March 16, 1976 Illinois Democratic primary election for the nomination for the office of judge of the Circuit Court of the State of Illinois for the Cook County Judicial Cir-

---

* Chief Judge Howard T. Markey of the United States Court of Customs and Patent Appeals is sitting by designation.

** Honorable William J. Jameson, United States District Judge for the District of Montana, is sitting by designation.

cuit. He alleges that a regulation of the State Board of Elections violated the Equal Protection Clause of the Fourteenth Amendment by denying him an equal opportunity to achieve a favorable position on the primary election ballot. In a suit brought under 42 U.S.C. § 1983 he requested that: (1) a three-judge court be convened; (2) a declaratory judgment be entered declaring Regulation 1975–2 of Illinois State Board of Elections to be unconstitutional; and, (3) an injunction be issued enjoining state and local election officials from assigning ballot positions pursuant to the operation of the regulation. The district court denied the motion to convene a three-judge court and granted defendant's motion to dismiss the complaint. This appeal followed. We affirm.[1]

I.

In order to better understand the complaint a brief background of Illinois election procedure is necessary. Sections 7–12 and 7–14 of the Illinois Election Code direct the Board to certify to the county clerks the list of candidates for nomination for elective offices by established political parties at primary elections. Certification consists of listing the candidates and the order in which the offices and the candidates for office are to appear on the primary ballot. Section 7–12(6) provides:

> * * * Petitions filed by mail and received after midnight and on hand upon the opening of the office involved, shall be deemed as filed as of 8:00 a. m. of that day or as of the normal opening hour of such day, as the case may be, and all petitions received thereafter shall be deemed as filed in the order of actual receipt. Where 2 or more petitions are received simultaneously, the State Board of Elections or the various clerks with whom such petitions are filed shall break

---

1. Although the 1976 Illinois primary election is history, the parties agree and we concur that the controversy is not moot. *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

ties and determine the order of filing, and such determination shall be conclusive. Ill.Rev.Stat., ch. 46, § 7–12 (1975).

Section 7–14 requires the Board to certify the candidates for each office in the order in which nominating petitions were filed. It provides:

> The State Board of Elections shall, in its certificate to the county clerk, certify the names of the offices, and the names of the candidates in the order in which the offices and names (except the names of candidates for State offices), shall appear upon the primary ballot; such names (except the names of candidates for State offices), *to appear in the order in which petitions have been filed* in the office of the State Board of Elections except as otherwise provided in this Article. Ill.Rev.Stat., ch. 46, § 7–14 (1975). (Emphasis supplied.)

The challenged regulation of the Board, 1975–2, prescribes a lottery system to determine the order in which simultaneously filed petitions are deemed to have been filed. It provides:

> The lottery system to be used to break ties resulting from the simultaneous filing with the State Board of Elections of petitions for the same office shall be as follows:
>
> 1. The names of all candidates who filed simultaneously for the same office shall be listed alphabetically and shall be numbered consecutively commencing with the number one which shall be assigned to the candidate whose name is listed first on the alphabetical list; provided, however, that candidates filing a group petition for the same office shall be treated as one in the alphabetical listing using the name of the first candidate for such office to appear on the petitions as the name to be included in the alphabetical list. * * *
>
> * * * * * *
>
> 4. All candidates shall be certified in the order in which petitions have been filed with the State Board of Elections. In cases where candidates have filed simultaneously, they shall be certified (in

the order determined by the lottery procedure outlined above) prior to candidates who filed for the same office who filed their petitions at a later time, except in those situations where the law requires rotation on a district-by-district basis.

According to the regulation if a petition with three candidates, listed as A, B, and C, is deemed simultaneously filed with petitions for individual candidates D and E, only three lots are made up. If the group petition is drawn first, and E second, the order of listing becomes A, B, C, E, and D. Wherever the group petition is placed all the candidates named appear in an unbroken sequence on the ballot in the exact order in which they are listed on the petition.

## II.

■ The convening of a three-judge court is proper only if a complaint raises a substantial constitutional question, *Goosby v. Osser,* 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), and the constitutional attack on the statute or order is so well founded that it may not be deemed frivolous. *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). The district court found appellant's complaint lacking in constitutional substance. The Illinois Supreme Court, ruling on the identical question in *Bradley, et al. v. Lunding,* Ill., 344 N.E.2d 472 (1976), arrived at the same conclusion.

■ To establish a denial of equal protection a candidate for public office must prove the existence of an intentional or purposeful discrimination by the election authorities in which one class is favored over another. *Bohus v. Board of Election Commissioners,* 447 F.2d 821 (7th Cir. 1971). Whether a state statute or regulation violates the Equal Protection Clause depends on " . . . the facts and circumstances behind the law, the interests which the State claims to be protecting, and the interest of those who are disadvantaged by the classification." *Williams v. Rhodes,* 393 U.S. 23, 30, 89 S.Ct. 5, 10, 21 L.Ed.2d 24, 31 (1968). Every minor difference in the ap-

plication of laws to different groups is not a constitutional violation.

The plaintiff contends that he was discriminated against because the impact of Regulation 1975–2 was to put him at a disadvantage, statistically speaking, in relation to the first candidate listed in the group petition.[2] He further contends the district court erred in making the test of discrimination plaintiff's chances against the entire group as opposed to his chances against the first candidate of the group.

The plaintiff is mistaken in relating the statistical evidence to *ballot* position when it is *petition* position that is involved. Ballot position is a consequence of the order in which petitions are filed. When viewed in this light Regulation 1975–2 is to appellant's advantage. If there are five individuals but only three petitions, plaintiff has a one in three chance that he will get the number one ballot position rather than a one in five chance.[3]

As Mr. Justice Schaefer of the Illinois Supreme Court opined in *Bradley, supra,* there are two competing considerations. One is the right of each candidate not to be discriminated against in the allocation of ballot positions. *Mann v. Powell,* 333 F.Supp. 1261, 1265 (N.D.Ill.1971); *Huff v. State Board of Elections,* 57 Ill.2d 74, 309 N.E.2d 585 (1974). The other is the right of candidates to join as a group in filing nomination petitions and to retain their group identity upon the ballot. As pointed out by the court, Section 7–10 of the Election Code clearly contemplates the filing of group petitions and section 7–14 requires that the names of candidates appear on the ballot in the order in which petitions are filed.[4] The challenged regulation 1975–2 merely determines how simultaneous petitioners whether individual or group are to be listed.

Recognizing the right of candidates to file group petitions, *Bradley v. Lunding, supra,* and having found no purposeful discrimination in the regulation, we do not think these sections are constitutionally incompatible. The Illinois Supreme Court aptly stated appellant's true complaint when it said:

The real targets of the plaintiffs' attack are the statutory provisions that grant the right to file a group petition and provide that ballot positions shall be determined by the time of filing petitions. It is apparently the fear that group candidates may be recognized as such that prompted the filing of the complaint. In the trial court the plaintiffs argued that the regulation "reflects a policy of intentional and purposeful discrimination against the individuals because the group which was endorsed by the Democratic Central Committee is thereby identifiable on the ballot * * *." And it is apparently for this reason that the plaintiffs argue in this court that the trial judge's order was erroneous insofar as it permitted the intervening defendants to remain upon the ballot as a group in any position.

There is present in this case a third consideration which seems to have been

---

**2.** In this election contest thirty-four candidates were deemed to have simultaneously filed at 8:00 a. m. on December 8, 1976, the first possible moment for filing. Of these, seventeen (including plaintiff) filed individual petitions, two filed one group petition and fifteen filed another group petition. Plaintiff makes his argument in reference to the group petition of fifteen candidates.

**3.** There is evidence that there is an advantage to being first on the ballot. *See Weisburg v. Powell,* 417 F.2d 388, 393 (7th Cir. 1969).

**4.** Section 7–10 sets forth the statutory language that must be included on a nominating petition:

We, the undersigned, members of and affiliated with the . . . party and qualified primary electors of the . . . party, in the . . . of . . ., in the county of . . . and State of Illinois, do hereby petition that the following named *person or persons* shall be a *candidate* or *candidates* of . . . Ill.Rev. Stat., ch. 46, § 7–10 (1975). (Emphasis supplied.)

It further provides in part:

Petitions of candidates for nomination for offices herein specified, to be filed with the same officer, may contain the names of 2 or more candidates of the same political party for the *same* or different offices. Ill.Rev.Stat., ch. 46, § 7–10 (1975). (Emphasis supplied.)

largely overlooked. That consideration is the interest of the voter in being able to identify readily and accurately, inside the voting booth, those candidates for whom he wishes to vote. The General Assembly apparently had this third consideration in mind in permitting the association of candidates upon group nominating petitions and in providing that ballot positions be determined on the basis of nominating petitions rather than candidates.

 We recognize that we have discussed the merits of the controversy in considerable detail, but we have done so in order to give our reasons for deciding that no substantial question is involved and that the district court correctly denied the request to convene a three-judge court and dismissed the complaint.

AFFIRMED.